8b 661
90 407
90 465

CASE 43—PETITION EQUITY—APRIL 18.

# White v. Thomas, trustee, &c.

### APPEAL FROM SHELBY CIRCUIT COURT.

*A devise of an estate to an executor in trust for one person, with permission to the executor of affording to a third person the use of a part of the estate,* or the value of such use in monthly installments, did not vest in such third person any specific estate, legal or equitable, which she could alienate or dispose of, nor did it create any debt to her which either she or her creditors could enforce inconsistently with the provisions of the will.

The will provided that the right of such third person to use the property should not be subject to alienation or sale, and that her right to use and enjoy the property should be terminated by any attempt to do so either by her or any creditor of hers. The petition of a creditor of such third person to subject her right to the use of the property, or the value of such use, to the payment of his debt is ordered to be dismissed. (Pope's executors v. Elliott & Co., 8 B. Monroe, 56; Samuel, &c. v. Ellis, &c., 12 B. Monroe, 479.)

BULLOCK & DAVIS, . . . . . . . . For Appellant,

CITED

3 J. J. Marshall, 264, Cosby, &c. v. Ferguson.
3 Bibb, 186, Eastland v. Jordan.
8 B. Monroe, 64, Pope's executors v. Elliott.
8 Bush, —, Carlin's administrator v. Carlin.
12 B. Monroe, 481, Samuel & Johnson v. Ellis.
45 Barbour (N. Y.) 382, Genet v. Beekman.

C. M. HARWOOD, . . . . . . . . For *Cestui que Trust,*

CITED

2 Redfield on Wills, 668, 669, and cases cited.

M. T. CARPENTER, . . . . . For Appellees (creditors),

CITED.

Revised Statutes, sec. 23, chap. 80, 2 Stanton, 230.
Civil Code, section 474.
Roper on Legacies, pages 524, 525.

3 Vesey, 324, Bradley v. Peixoto.
1 Jacob & Walker, —, Ross v. Ross.
2 Story's Equity Jurisprudence, 974a.
3 Bibb, 186, Eastland v. Jordan.
3 J. J. Marshall, 264, Cosby v. Ferguson.
8 B. Monroe, 61, Pope's executor v. Elliott.
3 Metcalfe, 259, Samuel v. Salter.
8 Bush, —, Carlin's administrator v. Carlin.
12 B. Monroe, 480, Samuel & Johnson v. Ellis.

JUDGE HARDIN DELIVERED THE OPINION OF THE COURT.

Richard Merriwether, a bachelor, owning considerable real estate, including a farm, near Christiansburg, in Shelby County, died, leaving a will by which he devised the farm to his executor, David Merriwether, in trust for Susie Merriwether, an infant niece of the testator. There was added to the will, however, the following self-explanatory codicil:

"For the kindness and attention of Mrs. Ann White to me during my illness I direct that my said executor shall give and allow to her during her life the use, benefit, and enjoyment of the dwelling in which I now reside, together with twenty and three fourths acres of land included in the first purchase made by me from Thornton Merriwether, and all the improvements thereon. I also direct that my executor shall give and allow to Mrs. Ann White during her life the possession and use of all my household and kitchen furniture. It is my intention, and I so direct, that Mrs. Ann White shall enjoy the above-described property for her own separate use, and it shall not be subject to alienation or sale either by her or for her debts; and any attempt to do so, either by herself or any creditor or creditors of hers, shall immediately terminate her right to use and enjoy said property; and my executor shall take possession of the same, and hold and dispose of it as directed in my foregoing will. But in the event that Mrs. White is deprived of the use of said property, as is provided above, it is my will, and I direct, that my executor shall

White v. Thomas, trustee, &c.

pay over to her for her use, from month to month, during her life, a sum equal to the reasonable rent of said dwelling-house and twenty and three fourths acres of land. My executor shall not anticipate said monthly payments, but shall make them from month to month for the maintenance of Mrs. Ann White during her life, and for no other purpose."

This suit was brought by the appellees to subject the devise in the foregoing codicil to the payment of a debt of Ann White.

It not appearing that the executor had for any cause, either before or after the institution of the suit, elected to terminate or avoid the first provision made for Mrs. White, or to pay her any amount of money monthly in commutation thereof, the defense presented by her answer was such as to raise the inquiry whether the same permission given to the executor by the will of affording to her, in certain contingencies only, the use and enjoyment of the property, created such an estate in her as her creditors could subject to her debt, according to section 23 of chapter 80 of the Revised Statutes.

The circuit court sustained a demurrer to the answer; and being of the opinion that the institution of the suit operated to terminate the first provision made by the will for Mrs. White, and *ipso facto* to raise an indebtedness to her from the testator's estate for sums due monthly equivalent to the rent of the property, rendered a judgment providing for ascertaining and applying the amount of said sums to the payment of the plaintiff's claim; and from that judgment this appeal is prosecuted.

Whatever may have been the conditional or alternative rights of Mrs. White, we are satisfied that the court erred in supposing that they were changed by the simple institution of this suit against her; but the essential question is whether the kind and generous act of the testator, guarded as it is in providing the means of benefiting Mrs. White by allowing and contingently directing his executor to permit her to use and

enjoy some part of his estate, vested in her a tangible and certain estate or interest which she could dispose of, or her creditors reach. We are of the opinion that it did not. It is obvious that to divert from the use of Mrs. White the means provided by the testator for her benefit would violate his intention and pervert the very object which seems to have prompted him to make the provision, and this would be the necessary and logical consequence of such a construction of the will as would sustain the judgment of the circuit court.

But the direction of the testator, with a view to the use of part of his property by Mrs. White, vested in her no specific estate, legal or equitable, which she could alienate or dispose of; nor did it create any debt to her which either she or her creditors could enforce inconsistently with the provisions of the will; but it left the title and control of the property in the executor as trustee of Susie Merriwether, with authority only to allow Mrs. White to occupy and enjoy it, for the very laudable and meritorious reasons stated by the testator in the will.

However much this provision may inure to the personal comfort of Mrs. White, the testator certainly violated no right of any creditor of hers in making it, and we can conceive of no principle of law or policy which forbids its being upheld by a court of equity.

These views are, as we think, fully sustained and illustrated by the elaborate decisions of this court in the cases of Pope's executors v. Elliott & Co. (8 B. Monroe, 56) and Samuel, &c. v. Ellis, &c. (12 B. Monroe, 479.)

Wherefore the judgment is reversed, and the cause remanded with directions to overrule the demurrer to the answer, and to sustain it to the petition.