Marshall's Trustee v. Rash, &c.

CASE 20—PETITION EQUITY—MARCH 15.

## Marshall's Trustee v. Rash, &c.

APPEAL FROM HENDERSON CIRCUIT COURT.

1. TRUST ESTATE SUBJECT TO DEBTS.—A testator can not, nor can any one, vest property or funds in trustees for the use of another without subjecting it to the debts of the *cestui que trust,* and, although a discretion may be given to the trustee in the management and control of the estate, and as to the amount of profits therefrom to be paid, and the manner of paying them to the person for whose use and benefit it is held, the rights of creditors are not thereby impaired, for such discretion is subject to the control of a court of equity.

2. SAME.—The estate itself may be subjected and sold; or, if practicable, and to the interest of the parties, the rents, interest or profits may be subjected and applied by a court of equity to the payment of the debts of the *cestui que trust.*

A testator devised real estate to his two brothers, John and William, providing that John's part should be held in trust by his brother William, " who shall manage and control John's part and pay him only such parts of the proceeds and profits as in his discretion the said William may think best, the intention being to invest William with the legal title to John's part to be held in trust as aforesaid." John's creditors seek to subject his interest, the land having been divided. *Held*—That as it does not appear that the debts could have all been satisfied in a reasonable time from the rents and profits, the court did not abuse a sound discretion in directing a sale of the land for that purpose.

YEAMAN & LOCKETT FOR APPELLANT.

A will devising certain property, "subject to this condition, that my brother John's part is to be held in trust for him by my brother William, who shall manage and control John's part and pay to him only such part of the proceeds and profits as in his discretion the said William may think best," does not vest in John such an estate as may be subjected to the payment of his debts. (White v. Thomas, 8 Bush, 662; Davidson v. Kemper, 79 Ky., 5.)

R. H. CUNNINGHAM AND H. T. TURNER FOR APPELLEES.

The estate willed comes within the provisions of the Gen. Stats., chap. 63, art. 1, sec. 21, and is subject to the debts of the *cestui que trust.* (3 Bibb, 186; 3 J. J. M., 264; 8 B. M., 56; 12 B. M., 480; 3 Met., 260; 12 Bush, 346; 79 Ky., 378.)

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

The second clause of the will of J. B. Marshall is as follows : "All the rest and residue of my estate, of every description, including what is left of my tract of land after laying off said fifty acres to Mrs. Hickman, I give and bequeath, subject to the payment of all my just debts, to my two brothers, Wm. J. Marshall and John H. Marshall, to be divided equally between them, but subject to this condition : that my brother John's part is to be held in trust for him by my brother William, who shall manage and control John's part, and pay him only such part of the proceeds and profits as in his discretion the said William may think best, the intention being to invest William with the legal title to John's part, to be held in trust as aforesaid."

It appears that after the death of the testator a division was made of the land by commissioners, and that part held by Wm. J. Marshall in trust separated from the other. And appellees, creditors of John H. Marshall, instituted their several actions, which were consolidated, to subject his interest in the land so allotted, and in all other property held in trust for him under the will. And whether the judgment for sale of the land to satisfy the debts was proper, is the question now before us.

Section 21, article 1, chapter 63, General Statutes, is as follows : " Estates of every kind held or possessed in, trust shall be subject to the debts or charges of the person to whose use or for whose benefit they shall be respectively held or possessed, as they would be subject if those persons owned the like interest in

the property held, or possessed as they own or shall own in the use or trust thereof." That provision has been the law since 1796, and often construed and applied in cases before this court. And from the various decisions on the subject, it may be regarded as settled that—

1. As said in Samuel & Johnson v. Ellis, 12 B. M., 479, "a testator can not, nor can any one, according to our laws, vest property or funds in trustees for the use of another, without subjecting it to the debts of the *cestui que trust.*" For the language of the statute is so direct and explicit as to preclude entirely the belief it was intended any conditions or restrictions contained in a will or deed should operate to exempt an estate so held from the debts and charges of the person to whose use and for whose benefit it shall be held.

2. Although a discretion may be given to the trustee in the management and control of the estate, and as to the amount of profits therefrom to be paid, and in the manner of paying them to the person for whose use and benefit it is held, the rights of creditors are not thereby impaired. For such discretion is to be reasonably and in good faith exercised for the benefit of the beneficiary of the estate, and incidentally for the protection of his creditors, and is always subject to the control of a court of equity.

3. As said in Eastland v. Jordan, 3 Bibb, 186, when a slave held in trust was subjected and sold, "it is not the trust, but the estate itself held in trust, which is made subject to the debts of the *cestui que trust.*" And consequently the estate, whether it consist of land

or personal property, may be subjected and sold, or if practicable and to the interest of the parties, the rents, interest or profits may be subjected and applied by a court of equity to payments of debts of the *cestui que trust.*

In Pope's Ex'r v. Elliott, 8 B. M., 56, it was held that the bequest in that case was, by the terms of the will, different from a devise of property or money in trust for the use and benefit of an individual, and from a devise of specific property in trust to apply the proceeds or profits to his support, and, therefore, only such interest on the fund as had accumulated and was in the hands of the trustee could be subjected.

In White v. Thomas, 8 Bush, 661, it was held that a dwelling-house and land devised was not liable by reason of a proviso in the will that the property should be subject to alienation or sale by the *cestui que trust* or for her debts, and any attempt to do so should terminate her right to use and enjoy the property.

In Davidson v. Kemper, 79 Ky., 5, it was held that the beneficiaries, by reason of the peculiar provisions of the will, took no such interest or estate under it as could be made subject to their debts, or be enforced against the trustee.

It is not necessary to refer particularly to the provisions of the wills in the three cases just cited, nor to determine whether they are allowable exceptions to the rules we have laid down here, for the circumstances of these cases are wholly different from the one now before us, and would not serve to illustrate the question we are considering. For, by the will of J. B. Marshall, the estate devised is plainly, in the meaning of the

statute, to be held in trust for the use and benefit of John Marshall, and cannot be diverted from that object ; but the trust may, if necessary, be enforced by a court of equity, at the instance of the beneficiary, and, as a logical result, the estate may be subjected to payment of his debts.

It does not appear that the debts could have all been satisfied in a reasonable time from the rents and profits, and the court did not, therefore, abuse a sound discretion in directing a.sale of the land for that purpose.

Judgment affirmed.