CASE 25—PETITION—OCTOBER 5.

# Dickison, &c., v. Ogden's Ex'r.

### APPEAL FROM WARREN CIRCUIT COURT.

1. TRUST ESTATES SUBJECT TO DEBT.—Estates of every kind held in trust. are subject to the debts of the person for whose use or benefit they are held.

2. CONSTRUCTION OF DEVISE—VESTED REMAINDER.—A testator devised his estate to trustees for the use and benefit of his daughter during her life, and after her death in trust for such of her children as should be "then living." *Held*—That the children took as remaindermen, subject to be divested of title by their death before the death of the life tenant, their interest being in the nature of a defeasible fee; and such an estate, notwithstanding the legal title is in trustees, may be sold to pay the debts of the remaindermen. And this is true, although the will gives the trustees the power to sell and reinvest, as the purchaser stands in the shoes of the child whose interest he buys, and can not prevent a reinvestment.

H. T. CLARK FOR APPELLANTS.

The children of Mary Jane Dickison did not acquire such an interest under the will of Thomas Rogers as can be subjected to the payment of their debts.

WRIGHT & McELROY.

The children of Mary Jane Dickison took a contingent interest under the will of Thomas Rogers, which may be subjected to the payment of their debts. (Gen. Stats., sec. 1, p. 426.)

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

The will of Thomas Rogers is before us for construction. After making various devises, the testator gives all the rest and residue of his estate to three trustees, to be held by them for the benefit of his daughter, Mary Jane Dickison, and her children, with the power to the trustees or the survivor to sell and reinvest the proceeds in other property with the consent of his daughter, &c. The trustees "shall suffer

and permit my said daughter to hold possession and enjoy the said property, and to take and receive the yearly rents and profits thereof, during her natural life, and after her death then in trust for the use and benefit of the children of my daughter, and the descendants of such children as may be dead, and on the arrival at age of the youngest of my daughter's children, or upon the marriage of said youngest child, then to divide the estate into as many shares as there are children of my said daughter *then living*, and children of my said daughter who are dead, leaving descendants *then* alive, and convey one share to each of my children then living, and one share to the descendants of each of the children who may be dead, the children to take such portions of the share as their parents would have been entitled to and no more." Two of the children of the devisee became involved in debt, and their creditors are attempting to subject their interest in the land, which constitutes the trust fund, or a part of it, to the payment of their debts, and the only question presented is, have they such an interest as can be subjected to sale by creditors, the life tenant being still alive? The chancellor below has so adjudged, and in this conclusion we concur.

The beneficiaries of the testator are his widow and children. The plain provision of the will, and such was the intention of the devisor, was to vest the daughter with an estate for life, remainder to her children, the land to be divided at a certain period between such of the children as might then be living.

The children took as remaindermen, subject to be

divested of title by their death before the happening of the event designated as the time the division is to be made. It is in the nature of a defeasible fee, and such an estate, notwithstanding the legal title is in trustees, may be sold to pay the debt of the remainderman. It is argued that a sale of the children's interest would defeat the object of the testator when confiding in the trustees, or a majority of them, the power to sell and reinvest the trust fund. The manifest purpose of this provision of the will was to enable the trustees to invest when, in their judgment, it would prove beneficial to the life tenant, and, of course, looking to the rights of those in remainder. The life tenant was to be consulted in regard to the investment, and none could be made without her consent, as it was her comfort and support that the testator was evidently looking to when this clause of the will was inserted. The purchaser stands in the shoes of the child whose interest he buys, and cannot prevent the reinvestment of the trust fund for the purposes and in the manner directed by the will. If the child could not prevent it, the vendee is placed by his purchase in no better condition.

The statute of this State, found in section 21 of article 1, chapter 63, General Statutes, also provides that estates of every kind held or possessed in trust shall be subject to the debts, &c., of the person for whose use or for whose benefit the trust property shall be held. As the appellants had an interest in this trust fund, the chancellor properly adjudged that interest liable for their debts.

Judgment affirmed.