CASE 66—PETITION EQUITY—SEPT. 20.

# Bland's Adm'r, &c., v. Bland.

APPEAL FROM HARDIN CIRCUIT COURT.

1. TRUST ESTATES OF EVERY KIND ARE SUBJECT TO THE DEBTS OF THE CESTUI QUE TRUST, unless the will or other instrument creating the trust gives the trustee a discretionary power to withhold all payment or benefit from him; and this is true, even though the testator or grantor may expressly provide that the trust estate shall not be subjected to the payment of the debts of the *cestui que trust*. The intention of a testator will not be regarded if it is contrary to law or public policy.

2. SAME.—Where a will creates a trust, and provides for the payment of the profits of the trust estate to the *cestui que trust*, with a further provision that, in the event any creditor of the *cestui que trust* shall attempt to subject the profits, they shall be added to the principal, which the *cestui que trust* shall have unlimited power to dispose of by will, the *cestui que trust* takes such a beneficial interest in the property as may be subjected to the payment of his debts. It is only where the devisee is divested of *all* interest in the estate devised upon the attempt of creditors to subject it that there is nothing that can be reached by creditors.

3. SAME.—Where a creditor attempts to subject the trust estate under such a will, the personalty should be first applied to the payment of the debt, and then, if necessary, the real estate should be rented out for that purpose. If this will not satisfy the debt within a reasonable time, then a sale of so much of the real estate as may be necessary should be ordered.

J. P. HOBSON FOR APPELLANTS.

1. Estates of every kind held in trust are subject to the debts of the persons for whose benefit they are held, although the instrument creating the trust may provide otherwise, such a provision being void. (Gen. Stats., chap. 63, sec. 21; Civil Code, sec. 439; *Idem*, sec. 732, subsec. 11; Eastland v. Jordan, 3 Bibb, 186; Jones v. Langhorne, 3 Bibb, 453; Strode v. Churchill, 2 Litt., 75; Blanchard v. Taylor, 7 B. Mon., 648; Anderson v. Briscoe, 12 Bush, 346; Farmers' Bank v. Morris, 79 Ky., 157; Samuel v. Ellis, 12 B. M., 483; Samuel v. Salter, 3 Met., 258; Carlin v. Carlin's Adm'r, 8 Bush, 141; Marshall v. Rash, 9 Ky. Law Rep., 963.)

2. If the trustee should refuse E. U. and J. H. Bland any participation in the estate, they would be entitled to relief in equity (Bohon v. Bar-

Bland's Adm'r, &c., v. Bland.

rett, 79 Ky., 378); and whatever relief they could obtain in equity against the trustee, appellant, as their creditor, may obtain under the statute against them and the trustee.

3. Although a discretion be given to the trustee in the management and control of the estate, and as to the amount of profits therefrom to be paid, and the manner of paying to the person for whose use and benefit it is held, the rights of creditors are not thereby impaired. (Samuel v. Ellis, 12 B. M., 483; Marshall v. Rash, 9 Ky. Law Rep., 964.)

4. As the will does not contemplate that the interest of the beneficiaries is, in any contingency, to cease, this case is unlike that of White v. Thomas, 8 Bush, 661.

5. A devise of the rents and profits is a devise of the estate itself. (Williamson v. Williamson, 18 B. M., 329; Ball v. Hancock, 82 Ky., 112; 3 Washb. on Real Property, 662.)

Here the devisees take not only the rents and profits, with power to dispose of the estate by will, but are to receive the estate itself when free from debt, and if they die intestate it goes to their children, if any, which is a fee-simple. (Smith v. Starr, 3 Whart., 62; 31 Am. Dec., 498, and note; Herbert v. Herbert, 8 Ky. Law Rep., 752.)

6. Appellant had the right to subject the rents and profits due or to become due, and as the rents and profits would not, in a reasonable time, pay his debt, the estate itself should be subjected. (Marshall v. Rash, 9 Ky. Law Rep., 965.)

7. The limitation that the beneficiaries must be free from debt before receiving a conveyance of the estate is for their benefit, and may be waived by them. (Turnage v. Green, 62 Am. Dec., 208; Kay v. Scates, 78 Am. Dec., 399, and note; Woolley v. Preston, 82 Ky., 423.)

Besides, this limitation is contrary to the statutes, and is void. (Woolley v. Preston, 82 Ky., 423.)

8. All trusts calculated to effect a purpose in conflict with the settled policy of the law will be held unlawful, and courts of equity will not aid in carrying them into effect. (3 Redfield on Wills, 494; Graves v. Allen, 13 B. M., 192; Beekman v. Bouser, 23 N. Y., 298; 80 Am. Dec., 269; Trumbull v. Gibbons, 2 Zab., 117; 51 Am. Dec., 253; Blackstone Bank v. Davis, 21 Pick., 42; 32 Am. Dec., 241, and note; Mebane v. Mebane, 4 Ired. Eq., 131; 44 Am. Dec., 102; note to De Peyster v. Michael, 57 Am. Dec., 492; Methodist Church v. Remington, 1 Watts, 218; 26 Am. Dec., 61; Mandelbaum v. McDonell, 29 Mich., 78; 18 Am. Rep., 71.)

WILLIAM LINDSAY, BUSH & ROBERTSON, E. D. WALKER FOR APPELLEE.

Brief withdrawn.

CHIEF JUSTICE HOLT DELIVERED THE OPINION OF THE COURT.

The administrator of Henry Bland, having obtained a judgment and a return of *nulla bona* against the appellees, E. U. and J. H. Bland, brought this action to subject to the payment of his debt property, or the profits thereof, which he claims is held in trust for them under the will of their sister, Maria Bland. The question is, whether, under its provisions, they own any estate or interest which can be subjected by suit to the payment of the debt. The will provides:

"1. I bequeath and devise to the trustee hereinafter named all the property not otherwise disposed of that I may possess and own at my death, real, personal and mixed, in trust, and for the following purposes:

"It is my will, if it can be effectuated, that my brothers, Evarts and James, shall each annually (or at shorter periods, in discretion of said trustee), receive from said trustee the rents, interest, dividends and profits of my estate, each one-half thereof. It is also my desire that their interest, and that of each alone in the rents, etc., of my estate shall in no manner, directly or indirectly, be subject to the debts of my said brothers, or either of them, which now exist, or which they may hereafter create, and being advised that if the right of my said brothers, or either of them, in and to said rents, etc., is made absolute, certain and indivisible, that their creditors, contrary to my wish and will, may possibly subject the said rents, dividends, etc., to their claims; now, therefore, to meet this state of case, I declare the right of my said brothers to receive said rents, profits, etc., shall

only accrue annually, and that the same shall be paid one-half to each by my said trustee, for their own, their present or future use, or for their voluntary disposition thereof ; and if by any legal proceedings against said trustee, or my said brothers, or either, the said rents, etc., shall be *attempted* to be subjected to the debts of my said brothers, or either, then the rents, interest, dividends or profits for that of both, or of the one whose interest is sought to be subjected, shall be added to the fund referred to in the next item, and my said brothers shall receive no part thereof, or at least the one for whose debt it is sought to be subjected.

"2. It is my wish that the principal of my estate shall be so invested and kept invested as that it may produce a fair and reasonable profit and dividend.  It is also my wish that so much of the profit, etc., of my estate as shall not under the preceding item be paid to my said brothers shall be treated thereafter as principal of my estate, to be invested in such way as to yield profit.

"3. If either of my said brothers, Evarts or James, shall die unmarried and childless, then the provisions of item one shall be for the benefit of the survivor during his life, but the one so dying first *may, by will, devise one-half the principal of my said estate to whom he soever desires*, but such devise not to take effect until the death of the surviving brother, who meantime shall receive the entire profits, etc., subject to conditions of item one, if creditors attempt to intervene, and the survivor, Evarts or James, *may dispose of the other half of my estate then remaining by will*

*as he desires.* But if either or both of my said brothers (Evarts or James) shall die intestate, then the one-half of my estate, which he might have disposed of by will, shall pass to his children, if any he has, or if none, then to the children of his surviving brother jointly with my sister, Lavinia, and brother, Strother, or their heirs or devisees."

By subsequent clauses it is provided that if Evarts and James, or either of them, at any time become free of debt, then one-half the estate is to be conveyed absolutely to the one so free; and in the event both become free or die, the trust is to terminate; also, if the trusteeship should be vacant, the county court may, upon their motion, or that of the survivor, appoint a trustee; also, that the trustee may, with their consent or that of the survivor, make investments or sell the property, and reinvest the proceeds, but all to be held as principal of the estate; or, instead of renting the real estate, the trustee may permit them to occupy it, or part thereof, a fair rent to be charged, and enforced as a lien upon the crop if their creditors attempt to subject it; also, that the trustee may make all necessary improvements or repairs with their consent or that of the survivor, and they may agree upon his compensation.

It is manifest the purpose of the testatrix was to give to these two brothers her estate without its being liable for their debts. The policy of our law, and in fact its express provision, forbids the creation of any trust by which this may be accomplished. Section 21, article 1, chapter 63, of the General Statutes, says: "Estates of every kind, held or possessed in

trust, shall be subject to the debts and charges of the persons to whose use or for whose benefit they shall be respectively held or possessed, as they would be subject if those persons owned the like interest in the property held or possessed as they own or shall own in the use or trust thereof.''

Accordingly, this court has always subjected property held in trust to the payment of the debts of the *cestui que trust*, unless a discretionary power was given to the trustee to withhold all payment or benefit from him. In such a case there exists no ownership by the *cestui que trust* in the use of the property. He has no beneficial interest. The ownership is in the trustee, with the power to give or not, as he may please. There exists no claim which the *cestui que trust* can enforce against the trustee, and, therefore, no right exists in the debtor which the creditor may, by substitution, enforce.

The will of Maria Bland, however, creates no such trust, but one is created in the profits of the estate, which the will provides shall be forfeited in case the creditors of the *cestuis que trust* attempt to subject them to the payment of their debts. This having been done by the institution of this suit, it is now claimed that *ipso facto* they have been divested of all interest in the estate. It is contended that the testatrix had a right to annex a condition to the bounty; that she had a right to say it should be defeasible in a certain event, and that this can not be said to be in fraud of any creditor of the *cestui que trust*.

Trusts created by will are to be regarded according to the intention of the testator, unless it be contrary

to law or public policy. He can not so execute his will that a compliance with it will result in a violation of law. He can not override the statute. The power to make the will comes from it. The statute *supra*, however, only subjects trust estates of every description to the debts of the *cestui que trust*, and it is said that here, by the happening of the contingency named in the will, which was to work a forfeiture, no trust exists. Conceding this to be true, yet it will be noticed the intended forfeiture relates alone to the profits of the estate; and in the event they do not go to the conditional *cestuis que trust*, they are to become a part of the principal of the estate.

The case is unlike that of Marshall's Trustee v. Rash, &c., 87 Ky., 116, because there the portion of the *cestui que trust* was given to him absolutely, but with discretion in the trustee, in whom the control or title was vested, to pay him such portions of the profits and in such manner as he might think best. This was but giving him a reasonable discretion in the matter—one which he was bound to exercise in good faith, and the reasonable exercise of which a court would compel for the benefit of the beneficiary. In that case both the estate and the right to the profits belonged to the *cestui que trust*, the title and control being vested in the trustee. There was no question of forfeiture in the case, or of the existence or non-existence of an estate in the debtor, and it was properly subjected to the payment of his debts. The statute applied in that case.

It will not do to say that the intention of the tes-

tator must be executed without regard to the existing law. Suppose he were to give a fund in trust, and merely provide that it. should not be liable for the debts of the *cestui que trust.* To subject it to them would violate the testator's intention, and yet no one will claim that it could not be done. The testator must, in making his will, conform to the existing law. Upon the other hand, the case of White v. Thomas, Trustee, &c., 8 Bush, 661, relied upon by the other side, is not like this one. There the *cestui que trust* had no power to dispose of the estate. The property was devised to an executor in trust for a person, with permission to the executor of affording to another party the use or the value of the use of a part of it ; and the creditor of the latter attempted to subject this use to the payment of his debt. The mere use was given, it to. terminate if any sale should be attempted by the donee, or any creditor.

In this case, however, the provision of the will relative to forfeiture relates merely to the profits of the estate, and it is provided that, in the event of the happening of the condition of forfeiture, they are to become a part of the principal of the estate.

Undoubtedly, a testator is under no obligation to provide for the payment of the debts of the devisee. It is, of course, no fraud upon the creditors if he does not do so. He may condition his bounty as suits him, if he violates no rule of law. He may provide that it shall cease upon the bankruptcy of the donee, and go to another ; also that this shall take place upon the filing of a creditor's suit to subject the estate to the debt of the first donee. (Bramhall v. Ferris, 14

N. Y., 41.) He can not, however, substantially give the estate to the debtor, and at the same time place it beyond the reach of his creditors.

Here the testatrix gives to her two brothers the absolute power of disposing by will of the estate. It is not a mere power of disposition to some particular person, or for some particular purpose; but they may by will dispose of it in any way they desire. This unlimited power of disposal is utterly inconsistent with the idea that the party possessing it has no interest in the property. It is only in cases where the happening of the event has divested the devisee of *all* interest in the property that the courts have said there was nothing that could be reached by his creditors. As careful an examination as we have been able to make shows this to be the fact.

In this instance, by the happening of the event named in the will, the profits, instead of being paid to the *cestuis que trust*, became a part of the principal of the estate, with the power in them to dispose of it all by will as they please. It can hardly be said there was any forfeiture of the profits as to them; and while the case undoubtedly is of a character warranting discussion *pro et con*, yet, regarding all the provisions of the will, the property is substantially that of E. U. and James H. Bland.

The testatrix desired to so provide that their creditors could not reach it. This she evidently attempted to do; but she also undoubtedly thought and intended that, even after the happening of the event which would add the profits to the principal of the estate,

and stop their payment by the trustee to her two brothers, they would still be the real beneficiaries of. the estate. This being her intention, and this being the real effect of the will, the property is liable to their debts. The law regards the substance rather than the form; and persons disposing of their property by will can not be permitted to really make a debtor the beneficiary of their bounty, and by evasion defeat the statute for the protection of the creditor.

The judgment sustaining the demurrer to the petition and dismissing the action is reversed, with directions to the lower court, in the event no valid defense is presented to the appellant's debt, to apply to its payment the personalty of the estate, and if need be, rent out the realty for this purpose; and if this will not satisfy it within a reasonable time, then a sale of so much of the realty as may be necessary will be ordered; and for all further necessary proceedings consistent with this opinion.