CASE 65.—ACTION BY THE COMMONWEALTH FOR THE USE OF. THE TAXPAYERS OF NICHOLAS COUNTY AGAINST ARTEMICIA RATLIFF'S EXECUTORS.— May 1, 1907.

## Ratliff's Ex'ors, &c. v. Commonwealth, for Use, of Taxpayers of Nicholas County.

Appeal from Nicholas Circuit Court.

From the judgment both parties appeal.—Affirmed.

1.   Counties—Taxation—Illegal Collection—Remedies of Tax-Payers—Parties.—The fact that persons representing themselves and all other taxpayers of the county in a suit to enforce a judgment for illegal taxes collected by the sheriff, to the amount of $3,242.79, owned property of the assessed value of only $1,600, and that their share of the tax sought to be recovered was only $1.44, would not exclude them from the right to represent the body of taxpayers.

2.   Wills—Rights and Liabilities of Devisees—Rights of Creditors of Devisees—Interests Which May Be Subjected.—A testatrix devised her property to her children, share and share alike, subject to provisions made in the will "for the purpose of

providing for my husband * * * during his life." The ex-
ecutors were directed to manage and control the whole estate
during the lifetime of the husband, and "use part of the in-
come and of said estate as may be necessary to provide for
and comfortably maintain" the husband during his lifetime.
Held, that the husband had such an interest in the estate as
might be subjected to the payment of his debts.

3.  Trusts—Construction and Operation—Interest of Cestui Que
    Trust—Liability For Debts.—A beneficial interest in property
    held in trust may be subjected to the debts of the cestui que
    trust although the trust instrument provides that it shall in no
    wise be liable therefor, except in cases where a discretionary
    power is given to the trustee to withhold all payment or ben-
    ficial use to the cestui que trust.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

In the year 1897 the fiscal court of Nicholas county
made a levy of 59 cents on each $100 worth of taxable
property in the county. The levy exceeded by nine
cents the constitutional limit, and the excess, amount-
ing in the aggregate to $3,242.79, was illegally col-
lected and appropriated by S. A. Ratliff, then sheriff
of Nicholas county, who refused to return the same,
or any part thereof, to the taxpayers of the county.
In 1902 suit was brought in the Nicholas circuit court
by Aris Wiggins, in the name of the Commonwealth·
of Kentucky. for his use and that of all other tax-
payers of Nicholas county, to recover of S. A. Ratliff
and the sureties in his official bond the amount of tax
illegally collected by him in 1897. At the May term,
1902, of the Nicholas circuit court, judgment was ren-
dered in that action against Ratliff and his sureties
for $3,242.79, the amount sued for. Thereafter on
appeal this court reversed the judgment as to the
sureties, but affirmed it as to Ratliff. Whaley, etc. v.
Commonwealth, for Use, etc., 61 S. W.,35, 110 Ky. 154.
Following the return of the case to the lower court

execution was issued on the judgment against Ratliff, and later returned "No property found." On October 11, 1906, the present action to enforce the payment of that judgment was instituted in the same court, the names of Aris Wiggins, W. S. Buckler and R. P. Buckler appearing in the petition as plaintiffs, with that of the Commonwealth of Kentucky, represented as suing for their use and that of all other taxpayers in the county. At the first term of the court the name of Aris Wiggins was, on his motion, stricken from the petition, leaving W. S. and R. P. Buckler and all other taxpayers of the county as plaintiffs.

It is alleged in the petition that S. A. Ratliff, for the purpose of defrauding, hindering and delaying his creditors, caused certain real estate, to-wit, a house and lot in the city of Carlisle, and a tract of land in Nicholas county, to be conveyed to his wife, Artemisa Ratliff, and certain other lands to his son, T. J. Ratliff, for which he himself paid the consideration; that these parcels of real estate were held by the wife and son in trust for S. A. Ratliff and should be subjected to the payment of appellees' judgment. It was further alleged in the petition that Artemisa Ratliff died testate, and the apparent owner of a considerable estate, including the town lot and tract of land referred to; that by the provisions of her will her sons, Thos. J. and John M. Ratliff, the executors thereof, were directed to provide their father, S. A. Ratliff, a comfortable support out of the income of her estate; and that so much of the income as would constitute such support should be subjected to the judgment sought to be enforced. To this end the executors were made defendants in the action. Answers were filed by S. A. Ratliff and the executors,

which traversed the allegations of the petition, set
forth the names of the several children and heirs at
law of the testatrix, and defined their interest in the
estate. One of them, Gertrude Ratliff, filed a petition
in which she asked to be made a party to the action,
and averred that by the provisions of her mother's
will, the executors were also directed to furnish her a
support from the estate or its income until she be-
comes 21 years of age, or marries; that her mainte-
nance is a charge upon the estate and its income, to be
provided for before a support is furnished her father;
and that it will consume the entire income of the
estate to support her. She was made a defendant,
her petition taken as an answer, and its affirmative
averments controverted by reply.

Reserving for future adjudication the question of
whether the several conveyances, or any of them,
assailed by the petition were fraudulent as to S. A.
Ratliff's creditors, the lower court entered a decree
whereby it was adjudged that S. A. Ratliff is en-
titled under the will of his wife to a comfortable sup-
port from the income of her estate, which support,
or the value thereof, is liable to the payment of the
judgment set out in the petition. That the daughter,
Gertrude Ratliff, is also entitled to a support out of
the income of the estate until she arrives at the age
of 21 years, or marries, and, in the event the income
is not sufficient to support both beneficiaries, it shall
be equally divided between them; that the parties
might take proof as to the sum necessary to com-
fortably support S. A. Ratliff from year to year;
that plaintiffs have a lien on the funds going to S. A.
Ratliff for his support to secure the payment of their
judgment; finally, that the executors rent out the
real estate for the succeeding year, and out of the

rents pay insurance and taxes on the property, and
the cost of necessary repairs, the remainder of rents
to be applied one-half to the support of Gertrude
Ratliff and the other half (what S. A. Ratliff should
receive for his support) as a credit on the judgment
in question. Appellants, being dissatisfied with the
judgment as a whole, seek its reversal, and appellees
appeal from so much thereof as allowed half of the
income arising from the renting of the property to
be used for the support of Gertrude Ratliff.

Appellants' first complaint is that the sum to
which appellees will be entitled out of the tax sued
for is only $1.44, which, it is argued, is so insignificant
in amount as to place them below the average of
taxpayers of the county, for which reason they are
not entitled to sue in their own behalf, or as repre-
sentatives of the great body of taxpayers of Nich-
olas county. It fully appears from the record that
W. S. or R. P. Buckler, who are husband and wife,
listed in the year 1897 for taxation in Nicholas coun-
ty property of the assessed value of $1,600, which
had, in fact, a market value of $3,000. The record
furnishes no evidence as to whether or not the average
tax list in that county is above $1,600, but, in the ab-
sence of evidence on the question, we will not presume
that a tax list of $1,600 is below that of the average
taxpayer in Nicholas county. The amount to which
a large taxpayer would be entitled out of the $3,242.79
sought to be collected in this case would be quite
small, so it will not do to say that because appellees'
share of the judgment is only $1.44, that fact of itself
excludes them from the right to represent the body
of the taxpayers of the county, as well as themselves,
in attempting to enforce the collection of the judg-
ment. Applying the rule announced in Sparks, etc.,

v. Robinson, etc., 74 S. W. 185, 78 S. W. 171, 115
Ky. 461, we are not prepared to say that appellees are
not fair representatives of the class they profess to
act for, or that they have failed to show such an in-
terest as would indicate a motive and financial con-
cern in harmony with at least the average of the body.
Moreover, we think it is too late to raise the objection
now urged. It was made and overruled in the action
in which the judgment was obtained that fixed the
liability of appellee S. A. Ratliff, and also the right
of appellees and every other taxpayer in the county
to share in the judgment.

It is also contended by counsel for appellants that
S. A. Ratliff does not own such an interest in the
estate devised by the will of his wife as can be sub-
jected to the payment of the judgment against him.
This contention finds no support in the language of
the will. That instrument reads as follows: ''I,
Artemicia Ratliff, of Carlisle, Kentucky, being of
sound mind and memory, do hereby make and pub-
lish this my last will and testament. 1st. I desire that
all my just debts including my funeral expenses be
paid. 2nd. Subject to the provisions hereinafter set
forth, I will and devise to my children, share and
share alike, all the property, real, personal and mix-
ed, owned by me at the time of my death. This de-
vise to my children shall be subject to the provisions
herein made for the purpose of providing for my
husband, S. A. Ratliff, during his life. 3rd. It is my
will that my executors hereinafter named manage
and control all of my estate until the death of my hus-
band, S. A. Ratliff, and such time thereafter as may
be necessary or required to wind up and disburse the
proceeds realized from the sale of same. It is my will
that my executors manage and control my estate

Vol. 139.]     APRIL TERM, 1907.     539

Ratliff's Excrs., &c., v. Comlth., for Use, of Taxpayers Nicholas Co.

during the life time of my husband, S. A. Ratliff, and
use part of the income and of said estate as may be
necessary to provide for and comfortably maintain the
said S. A. Ratliff during his life time; the said ex-
ecutors shall also provide for and maintain out of my
estate during her minority or until her marriage
our infant daughter, Gertrude. 4th. I hereby nomi-
nate and appoint my sons, T. W. Ratliff and John
Ratliff, executors of this my last will, and authorize
and empower them to manage and control my estate
as herein provided and as they deem best. Further,
I hereby authorize and empower them to sell and by
deed convey the real estate or any part thereof owned
by me at the time of my death, and to re-invest the
proceeds in other real estate subject to the provisions
of this will, and empower them as executors afore-
said to sell and convey any and all real estate held
by my estate at the time of the death of my husband,
S. A. Ratliff, and the proceeds of such shall be di-
vided as herein provided in section 2. 5th. In the
event one of the executors should fail to qualify as
such, or in the event one of them should die during
the administration of the trust, or should resign, or
for any cause be removed, it is my will that the other
executor shall act as such executor of this will, and
carry out the provisions of this my will. It is my
request that the executors named herein be permitted
to qualify as such without being required to execute
bond. Witness my hand, this March 19th, 1903. Ar-
temicia Ratliff.'' Manifestly, the will makes the sup-
port of S. A. Ratliff a charge against and a burden
upon, not only the income of the estate devised,
but also the corpus of the estate. There can be no
distribution of the estate among the children of the
testatrix while he lives, for the language of the will

is: "It is my will that my executors manage and control my estate during the life of my husband, S. A. Ratliff, and use such part of the income and of the estate as may be necessary to provide for and comfortably maintain the said S. A. Ratliff during his life." There is but one limitation upon the enjoyment of the income of the estate for his comfortable support, and that is the right of his daughter, Gertrude, to share it with him until she becomes 21 years of age, or marries. The executors must obey the provisions of the will with respect to Gertrude by dividing between her and her father the income of the estate, if not sufficient to fully provide a support for each of them, until she becomes 21 years of age, or sooner marries, but in other respects the will deprives them of all power or discretion to withhold from S. A. Ratliff the income of the estate. Indeed, they can be made to apply the body of the estate to his comfortable support, if its income should become insufficient for that purpose. There can be no doubt of S. A. Ratliff's having such an interest in the estate devised as may be subjected to the payment of his debts. Section 2355, Ky. St., provides: "Estates of every kind held or possessed in trust, shall be subject to the debts and charges of the persons to whose use, or for whose benefit, they shall be respectively held or possessed, as they would be subject if those persons owned the like interest in the property held or possessed as they own or shall own in the use or trust thereof." It has been repeatedly held by this court that a beneficial interest, such as is here provided for appellee, S. A. Ratliff, by the will of his wife, may be subjected to the debts of the beneficiary, although the testator or grantor provides that it shall in no wise be liable therefor.

Parsons v. Spencer, 83 Ky. 310; Woolley v. Preston, 82 Ky. 415; Bull v. Kentucky National Bank, 90 Ky. 452, 14 S. W. 425, 12 L. R. A. 37. The only instances in which this court has refused to subject property held in trust to the payment of the debts of the cestui que trust have been cases in which a discretionary power is given  to the trustee to  withhold all payments or beneficial ·use to the cestui que trust. Marshall's Trustee v. Rash, 87 Ky. 116, 7 S. W. 879, 12 Am. St. Rep. 467; Bland's Adm'r v. Bland, etc., 90 Ky. 400, 14 S. W. 423, 9 L. R. A. 599, 29 Am. St. Rep, 390; Samuel v. Salter, 3 Metc. (Ky.) 259.

We fully concur in the conclusion reached by the lower court. Consequently the judgment is affirmed on both the original and cross-appeal.