CASE 7.—ACTION BY AMELIA HOLZHAUER AND OTHERS AGAINST JOHN W. SCHNEIDER TO ENFORCE A CONTRACT.—May 20, 1909.

## Schneider v. Holzhauer, &c.

Appeal from Campbell Circuit Court.

C. W. YUNGBLUT, Circuit Judge.

Judgment for plaintiffs, defendant appeals.—Reversed.

Wills—Construction—Estate Devised—Defeasible Fee.—A will gave testator's wife the use of all his property while she remained unmarried, and, if she should remarry, gave her the use of one-third thereof for the remainder of her life, the balance to be equally divided among his children and their descendants. The will further provided that at his wife's death her one-third life interest should be divided among his children and their descendants, but if the wife did not remarry, the estate should be divided equally among his children and their descendants, and, further, that if, at the time of any division provided for therein, any child should have died leaving children, they should take the share of the child so dying, and that such grandchildren were meant when the word "descendants" was used in the will. Held, that testator's children took only a defeasible fee, subject to be defeated by their dying, leaving children, before their mother's death or remarriage, and hence they could not now convey an indefeasible title to the property.

GEORGE VEITH for appellant.

SAM. E. ANDERSON for appellees.

OPINION OF THE COURT BY WM. ROGERS CLAY, COMMISSIONER.—Reversing.

Appellees, Amalia Holzhauer and others, instituted this action against appellant, John W. Schneider, to enforce the specific performance of a contract for the

purchase of a lot of ground in the district of Clifton, Campbell county, Ky. Appellant answered, and defended on the ground that appellees were unable to convey with good title the property in question. Judgment was rendered in favor of appellees. From that judgment this appeal is prosecuted.

For the purpose of determining the question whether or not appellees could convey a good title to the property, it will be necessary to construe the will of Gustavus Holzhauer. This will is as follows:

"I, Gustavus Holzhauer, do make and publish this my last will and testament.

"Item I. I will that my just debts be paid.

"Item II. I will and bequeath to my beloved wife, Amalia Holzhauer, all my property of every kind, real, personal and mixed, including my life insurance, to be held, used and enjoyed by her for and during the time she shall remain my unmarried widow, and if my wife should remarry, it is my will that at that time she shall have for and during the remainder of her life, the use and income from one-third part of my said estate and the balance thereof shall be equally divided among my children or their descendants and at the death of my wife, the one-third part of my said estate, set apart as aforesaid for her use, shall be divided among my children and their descendants in the same manner as the other two-thirds of my estate are required to be. If, however, my wife should not remarry, then at her death my entire estate shall be divided equally among my children and their descendants. If at the time of any devision herein provided for, any of my children shall have died leaving children surviving them, such surviving children shall take the share of the child so dying and said grand-

children are meant and intended when the word 'descendants' is used in this will.

"Item III. I nominate my wife executrix of this will and ask that no bond be required of her as such."

For appellees it is insisted that the law favors the vesting of estates, and that under the will in question the children of the testator took a vested interest in remainder which they could convey by deed. On the other hand, it is contended by appellant that, whatever interest the children took was subject to be defeated by their dying and leaving children prior to the remarriage of their mother or her death.

The will in question is not unlike that before this court for construction in the case of Lusby, etc., v. Taylor (Ky.) 17 R. 65, 30 S. W. 396. There the provisions of the will were as follows:

"Second. The remainder of my estate, real, personal and mixed, I desire to give to my dear wife, Elizabeth, so long as she remains a widow; and should she again marry, she shall be endowed, during her life, of one-third of my whole estate remaining at the time of her marriage.

"Third. At the death of my wife my will is that all of my estate, of every description, be equally divided among my three children and George Tingle, son of my wife; or in case of the death of either, before the death of myself and wife, then among their legal representatives; that is to say, to my son, Jeptha Tingle, one equal share; to my daughter, Martha Jane O'Banion, one equal share; to my daughter, Ellen Lusby, one equal share; and to George Tingle, son of my wife, one equal share.

"Fourth. Should my wife marry again, the division, as above, will be made at the time of her marriage, subject to the provisions of the second

clause of this will in her behalf, and at her death her interest in my estate to be divided and inherited as is provided in the third clause hereof.''

One of the testator's daughters died, leaving children, before the death of the testator's wife. Prior to her death the daughter mortgaged her interest in the land. The mortgagee brought suit to enforce his lien. The children of the daughter who died contested on the ground that their mother had no interest to convey. In discussing the character of the estate which the daughter took in the testator's land this court said: ''It was intended by the testator that his daughter, if alive when his widow married again, should she so marry, or was alive when his widow died, should take the interest provided for her; but, upon the daughter's death, before either of these events, her children were to take. Under the will, therefore, the daughter, Ellen, took an estate, subject to be defeated upon her dying before the marriage of her mother, or before the death of her mother. In either of these events her interest would terminate, and her children would take. If she were alive at the marriage or death of her mother, she took the fee; if dead, her children took it. It is a plain devise to the widow for life, or during her widowhood, remainder to her children, and if either of them should die before their mother married or died, the interest of the one dying should go to his or her children. The remainderman (Ellen) was divested of her interest by her death before the death of the life tenant, and the purchaser of her interest took that risk. For construction of similar provision see Mercantile Bank of N. Y. v. Ballard's Assignee, 83 Ky. 481; 7 R. 478; 4 Am. St. Rep. 160, and cases there cited.''

In the case of Dickison, etc., v. Ogden's Ex'or,
89 Ky. 162, 11 R. 385; 12 S. W. 191, the will
of Thomas Rogers was before this court for con-
struction. After making various devises the tes-
tator gave all the rest and residue of his es-
tate to three trustees, to be held by them for the
benefit of his daughter, Mary Jane Dickison, and
her children, with the power of the trustees or
the survivor to sell and reinvest the proceeds in
other property with the consent of his daughter, etc.
The will contained the following provision: The trus-
tees "shall suffer and permit my said daughter to
hold possession and enjoy the said property, and to
take and receive the yearly rents and profits thereof,
during her natural life, and after her death then in
trust for the use and benefit of the children of my
daughter, and the descendants of such children as
may be dead, and on the arrival at age of the young-
est of my daughter's children, or upon the marriage
of said youngest child, then to divide the estate into
as many shares as there are children of my said
daughter then living, and children of my said daugh-
ter who is dead, leaving descendants then alive, and
convey one share to each of my children then living,
and one share to the descendants of each of the chil-
dren who may be dead, the children to take such por-
tions of the shares as their parents would have been
entitled to and no more." In that case this court held
that the children took a vested estate in remainder,
subject to be defeated by their death before the hap-
pening of the event designated as the time the divi-
sion was to be made. In the case of Aultman Co. v.
Gibson's Guardian, etc. (Ky.) 67 S. W. 57, the will
of L. J. Gibson was before this court for construction.
The third clause of the will was as follows: "All of

.the property that I have herein given to my wife for `and during her natural life, if she remains my widow, shall, at her death, go to my children and be divided equally among them, and in the event of her marriage .whatever property she may then take shall go to my children in like manner at her death. In all cases where I speak of dividing my property among my children I wish it to be understood that I mean to give to the child or children of such of them as may be dead that portion of my estate that the parent of such child or children would have taken had he or she been living." It was held that each of the children took a defeasible fee in the estate, subject to be defeated by his death before that of the life of the tenant, and that the purchaser of one of such children's interest at an execution sale took no more title than such child, and upon the death of the child before the death of the mother such purchaser had no interest in the land. In the case of Williamson et al. v. Fields' Ex'rs, 2 Sandf. Ch. (N. Y.) 533, it was held: "When the person to whom a remainder, after a life estate is limited, is ascertained, and the event upon which it is to take effect is certain to happen, it is a vested remainder, although by its terms it may be entirely defeated by the death of such person before the termination of the particular estate."

By the terms of the will before us Amalia Holzhauer took a life estate in all of the testator's property, subject to be defeated as to two-thirds thereof by remarriage. After providing that, should his wife remarry, she should have, "for and during the remainder of her life, the use and interest from one-third part of my said estate," he further provided that the balance should be equally divided among his children or their descendants. Then the testator fur-

ther provided that, at the death of his wife, "the one-third part of my said estate, set apart as aforesaid for her use, shall be divided among my children and their descendants in the same manner as the other two-thirds of my estate are required to be." He also provided that if his wife did not remarry, "then at her death my entire estate shall be divided equally among my children and their descendants." Then to emphasize the fact that he wanted his grandchildren to take the share that their parents would have taken had they been alive, he says: "If at the time of any division herein provided for, any of my children shall have died leaving children surviving them, such surviving children shall take the share of the child so dying and said grandchildren are meant and intended when the word 'descendants' is used in this will." It is just as certain under the language used that he intended that his grandchildren should take the share of their parent who was dead at the time of the distribution, and his children should have an interest in his estate. Furthermore, he leaves nothing to judicial determination. He does not provide in an indefinite way that, if any of his children should be dead, leaving children surviving them, then such surviving children shall take the share of the child so dying, and thus fix no period to which the death of his children could be referred. On the contrary, he fixes the period with absolute certainty when he says, "if at the time of any division herein provided for"; i. e., a division in case of the remarriage or death of the widow. No part of the estate was to be divided until the remarriage or death of the widow. His children were not to take or enjoy it until that time. If one of the children of the testator is not alive at the time for distribution then his

or her child or children, if any, are to take such portion as he or she would have taken if living.

In view of the foregoing authorities, and for the reasons indicated, we are of opinion that under the will in question the testator's children take a defeasible fee, subject to be defeated by their dying and leaving children before the remarriage or death of their mother. That being the case, it necessarily follows that appellees are unable at this time to convey a good title to the property in question.

Judgment reversed and cause remanded, with directions to dismiss the petition.