## Keith et al. v. First National Bank & Trust Co.

(Decided Oct. 30, 1934.)

M. L. HARBESON for appellants.
ROUSE & PRICE for appellee.

OPINION OF THE COURT BY JUDGE RATLIFF—Affirming.

In June, 1913, Uriah Shinkle and his wife, Mary Shinkle, executed their deed of trust to the Covington Savings Bank & Trust Company, conveying to it certain real estate in the city of Covington, Ky., to be held in trust for the benefit of the trustors during their life with remainder to certain other designated persons and providing that the property shall vest absolutely in one of the beneficiaries upon the happening of certain contingencies.

The pertinent parts of the trust deed are as follows:

"The net income from said property shall be paid:

"[a] To Uriah Shinkle during his life

"[b] To Mary Ann Shinkle after the death of Uriah Shinkle during her life.

"[c] To Sarah Ann Shinkle Keith after the death of Mary Ann Shinkle during her life, for the sole use of herself and her son, Boardwell W. Keith Jr. except as provided hereafter in subsection [e]

"[d] To Broadwell W. Keith Jr., upon the death of the other beneficiaries named, in the event said Broadwell W. Keith Jr. has not attained the age of twenty-one, but in the event of his being of the age of twenty-one, at the time of the respective deaths of the other beneficiaries named, or upon his attaining said age except as is provided in subsection [e] then this trust shall be dissolved, by the Trustee herein or its successor in trust, conveying

and transferring to said Broadwell Jr., the whole of this trust estate absolutely and in fee simple, after the payments of the debts and charges against same.

"[e] In the event of the death of Broadwell W. Keith the husband of my daughter, Sarah Ann Shinkle Keith, before the death of my said daughter and in the event of the death of the beneficiaries named in subsections [a] and [b] or in the event of the permanent separation of my daughter and said Broadwell W. Keith and said Trustee must be satisfied that said separation is permanent, then said Trustee may dissolve said trust and may turn over the same, after the payments of debts and charges to said Sarah Ann Shinkle Keith. The purpose and object of the grantors being to prevent Broadwell W. Keith the husband of Sarah Ann Shinkle Keith from having any control, management or benefit from this property in any way, shape or form."

In October, 1930, and after the death of Uriah Shinkle and his wife, trustors, the other beneficiaries, Sarah Ann Shinkle Keith, and her son, Broadwell Keith, Jr., who was then 21 years of age, and Broadwell Keith, Sr., husband of Sarah Ann Keith, and the trustee executed a deed of trust or mortgage to the First National Bank & Trust Company of Covington, Ky., to secure the bank for an indebtedness in the sum of $7,500. In December, 1933, the mortgagee, First National Bank & Trust Company, brought this action to foreclose the mortgage and sell the property in satisfaction thereof.

A personal judgment was not resisted, but the trustee, Broadwell Keith, Sr., Sarah Ann Shinkle Keith and her son, Broadwell Keith, Jr., the latter two being the only living beneficiaries of the trust, sought to defeat the bank's lien on the property on the ground that the trust is an active and continuing trust, that the mortgage was void and unenforceable, and that the property could not be sold to satisfy the indebtedness during the continuation of the trust, and that none of the events prescribed by the deed of trust had happened upon which the trust could terminate.

The circuit court held that the mortgage created a valid lien on the property and ordered it sold to satisfy the judgment. From that judgment the trustee and the

beneficiaries of the trust have prosecuted this appeal.

It is conceded that both of the donors of the trust, Uriah Shinkle and his wife, Mary Shinkle, are dead; that Sarah Ann Shinkle and her husband are yet living and are not separated, and that Broadwell Keith, Jr., has arrived at the age of 21 years.

The question to be determined is whether or not the trustee and the beneficiaries of the trust had the right to mortgage or convey the trust property.

Section 2355 of the Kentucky Statutes provides:

"Estates of every kind held or possessed in trust, shall be subject to the debts and charges of the persons to whose use, or for whose benefit, they shall be respectively held or possessed, as they would be subject if those persons owned the like interest in the property held or possessed as they own or shall own in the use or trust thereof."

It has so often been held under this section of the Statutes that where there is a beneficial interest, it may be subject to the debts of the beneficiary, although the testator or grantor provides it shall in no wise be liable for the beneficiary's debts. Woolley v. Preston, 82 Ky. 415; Ratliff's Ex'rs v. Commonwealth, 139 Ky. 533, 101 S. W. 978, 31 Ky. Law Rep. 154; Davidson's Ex'rs v. Kemper, 79 Ky. 5; Parsons v. Spencer, 83 Ky. 305; Bull v. Kentucky National Bank, 90 Ky. 452, 14 S. W. 425, 12 Ky. Law Rep. 536, 12 L. R. A. 37; Bland v. Bland, 90 Ky. 400, 14 S. W. 423, 12 Ky. Law Rep. 532, 9 L. R. A. 599, 29 Am. St. Rep. 390; Marshall's Trustee v. Rash, 87 Ky. 116, 7 S. W. 879, 9 Ky. Law Rep. 963, 12 Am. St. Rep. 467; Dickison v. Ogden's Ex'r, 89 Ky. 162, 12 S. W. 191, 11 Ky. Law Rep. 385; Southern National Life Ins. Co. v. Ford's Adm'r, 151 Ky. 476, 152 S. W. 243; Dority v. W. E. Rogers & Co., 223 Ky. 238, 3 S. W. (2d) 636; Russell v. Meyers, Trustee, 202 Ky. 593, 260 S. W. 377.

Under the section of the Statutes, supra, the fact the trust instrument vests a discretion in the trustee in the management and control of the trust estate does not prevent creditors of the cestui que trust from subjecting such estate to the payment of his debts. Marshall's Trustee v. Rash, supra.

Our construction of the Statutes announced in the

cases supra is not inconsistent with the rule that a trust created by will or deed for the use of the cestui que trust during life, with the provision that any attempt on the latter's part to alienate it or on the part of the creditor to subject it to his debts by legal procedure, will forfit his right to the property. See White v. Thomas, 8 Bush, 661. In Bull v. Kentucky National Bank, the principle was stated that where there is a beneficial interest in trust property it may be subjected to the debts of the beneficiary. But if the trust instrument provides that the interest of the beneficiary shall vest in another in the event it is decided by the court of last resort that it will be subject to the payment of the cestui que trust's debts, such a provision will be enforced, and thereafter the beneficiary first named will no longer have any interest and there will, therefore, be nothing that can be subjected to the payment of the debts. To subject the interest of the cestui que trust to his debts, the court does not terminate the trust, but by subjecting it to the payment of the cestui que trust's debts the trust becomes impossible of performance to the extent it is subject to the debts of the beneficiary. Miller's Ex'rs v. Miller's Heirs and Creditors, 172 Ky. 519, 189 S. W. 417. The right of the creditor to subject the property of the cestui que trust to the payment of the latter's debts is superior to the beneficiaries' rights under the trust instrument, and where all the actual or possible cestui que trusts under a trust instrument are in existence and sui juris they may together do that with the trust property which a court of equity would do at the instance of their creditors, viz., voluntarily apply the trust property to the payment of their debts by assignment, conveyance, or mortgage to their joint creditors or any one for their use and benefit. Especially is this true where all of them are living and sui juris and there are no restrictions on alienations in the instrument creating the trust, or a grant or devise over to another in the event the grantee or devisee attempts to convey or incumber same. Ford v. Ford, 230 Ky. 56, 18 S. W. (2d) 859. In the case at bar there is no restriction on alienation or a grant over to another, in the event of an attempted conveyance or subjection to the debts of the beneficiaries. These facts distinguish this case from the cases relied on by appellees. In such case they may voluntarily dissolve the trust and transfer the estate. The consent of the chancellor is unnecessary to the

termination of the trust created either as to the life tenant or remainderman when all of them are living and sui juris. See Maud Kent Rowley v. American Trust Co., 144 Va. 375, 132 S. E. 347, 45 A. L. R. 738; Miller's Ex'rs v. Miller's Heirs and Creditors, supra; Blackburn v. Blackburn, 167 Ky. 113, 180 S. W. 48. In the Blackburn Case, supra, the trustee joined Blackburn and wife in a deed conveying a fee-simple title to the trust property, but the question of the right of a creditor to subject the trust property to his debts was not involved.

The principle deducible from the cases cited is that sections 2355 and 2341 authorize the subjection of every kind of estate held or possessed in trust subject to the debts and charges of the person to whose use or to whose benefit the trust is created, and where the cestui que trusts are all living and sui juris they may voluntarily surrender or mortgage the trust property to the payment of the debts of their joint creditors, and when they do so they are in effect performing that duty which section 2355 authorizes the court to do for them where they voluntarily decline or refuse to submit the trust property to the payment of their debts.

Wherefore the judgment is affirmed.