Rudd, &c., v. Hagan.

CASE 24—PETITION EQUITY—OCTOBER 15.

# Rudd, &c., v. Hagan.

### APPEAL FROM DAVIESS CIRCUIT COURT.

1. TRUSTS—DEBTOR AND CREDITOR.—Where one is vested by devise with an interest in the profits of an estate, that interest may be subjected to the payment of his debts, although the testator has provided that it shall "in no way be liable for his debts."

2. SAME.—Under a devise by a testator to his son for the support and maintenance of himself, wife and children, the wife and children take an interest equal to that of the husband in the income of the estate, and in an action by a creditor of the husband to subject his interest, it being charged by the children that their father has wasted the rents and profits of the estate in the payment of his debts and in disregard of their rights, there should be no sale of his interest until there has been a settlement of his accounts as trustee for his wife and children; and if upon a settlement it appears that he is indebted to them, they must first be made whole out of the trust fund.

G. W. WILLIAMS & SON FOR APPELLANT.

1. Where the executor has by his will appropriated any portion of his estate to a specific purpose, it can not be diverted either by the beneficiary or his creditors. (Pope's Ex'r v. Elliott, 8 B. M., 56; White v. Thomas, 8 Bush, 661; Cosby v. Ferguson, 3 J. J. M., 264.)

2. A restriction against the alienation of a life estate is not void. (Nichols v. Eaton, 91 U. S., 716; Williams on Real Property, 91.)

Rudd, &c., v. Hagan.

W. N. & J. J. SWEENEY FOR APPELLEE.

1. A judgment from which an appeal will lie must finally determine the rights of the parties. (Civil Code, section 368; 7 Bush, 625; 15 B. M., 48.)

2. An absolute interest given by will can not be placed beyond the reach of creditors. (Samuel v. Slater, 3 Met., 261; Davidson v. Kemper, 79 Ky., 5.)

CHIEF JUSTICE PRYOR DELIVERED THE OPINION OF THE COURT.

James Rudd, Sr., by his last will devised to his son James Rudd, Jr., a tract of three hundred acres of land in the county of Daviess, for the benefit of James and his children. The language used in the devise is as follows:

"Said tract of land is hereby declared, and the products thereof, to be/for my son, James C. Rudd's, use and benefit, for the support and maintenance of himself, wife and children during his life, and in no way or extent to be liable for his debts, and at his death the property to become the property equally of the children," etc. By a codicil to this will he lessens the quantity of land devised to one hundred acres, and gave in lieu of it certain property in the city of Owensboro, as follows: "My son James is to have and to hold my city property in Owensboro, on St. Ann street, opposite the court-house and jail in said city. The property in Owensboro herein devised to my said son is for the benefit of himself, wife and children, and is to be held subject to the same limitations, restrictions, etc., as are imposed on the three hundred acres named in the eleventh clause of this will."

The property on Ann street is valuable, and its rents and issues are involved in this litigation.

The appellee, a creditor of the son, James Rudd, is

attempting to subject the interest of James in these rents to the payment of a debt owing him by James, and is properly in a court of equity for that purpose. The chancellor below subjected the interest of James in the rents, etc., accruing during the pendency of the action and after, to the payment of appellee's debt, and gave to James or his creditor the interest in the rents said to have been acquired by him by reason of the death of one of his, James', children that took place after the probate of the will of James Rudd, Sr. The children of James are prosecuting this appeal, and ask a reversal on several grounds.

The appellee maintains that the property known as the Ann street property is not held under the restrictions mentioned in the devise of the three hundred acres of land; and before proceeding to notice the errors complained of by the appellants, it is proper to say, that it is plain from the provisions of the will and codicil that the property was devised to James for life with the rents and issues, in trust for the support of James and his family. His wife and children were vested with an interest equal to that of James in the income of the estate, and this was, we think, the manifest intention of the devisor. The infants and beneficiaries are prosecuting the appeal, and we perceive no bar to the proceeding by reason of orders purely interlocutory made during the progress of the action.

Counsel for the widow and children of the son James insists that the devise to James for the benefit of himself and family places the estate or its income beyond the reach of the son's creditors, because the father of

James by his will has said that it shall not be liable for his son's debts.

It is true the property devised belonged to the father of James, and he had the right to make what disposition he saw proper of his own estate when in accordance with the laws of the land; but here the devise is to James, the son, and vests him with an absolute interest in conjunction with his children to the profits of the estate; and it has long since been settled by this court that such an interest may be subjected by a creditor—in fact, the statute provides, that "estates of every kind held or possessed in trust shall be subject to the debts and charges of the persons to whose use or for whose benefit they shall be respectively held or possessed, as they would be subject if those persons owned the like interest in the property held or possessed as they own, or shall own, in the use or trust thereof." (Section 21, article 1, chapter 63, General Statutes.) This statute is so broad and comprehensive in its language as to obviate the necessity of reviewing the authorities referred to by counsel for appellants.

It makes the interest of the son in the rents of the property liable to the extent of that interest, whatever it may be, subject to any exemptions, if any, that by operation of law may apply to it.

It appears from the statements contained in the answer of the appellants, or an amended answer, that incumbrances existed on the property devised to these appellants and their father, and that he had wasted the rents and profits of the estate in the payment of his own debts and in disregard of the rights of the appellants.

A part of their estate had been sold to pay incumbrances when the rents and income were sufficient for that purpose.    If these facts are true, and whether true or not, a settlement should be had of the accounts of James Rudd, as trustee for his wife and children, for the purpose of ascertaining the extent of his interest. If he has wasted or mismanaged the trust fund, or appropriated the proceeds to his own use, to that extent he should be charged.    As trustee and beneficiary when claiming an interest against those who are entitled to share this fund with him, if he has already received more than he is entitled, no recovery can be had, either by the trustee or his creditor, until the other beneficiaries are made equal with him.

Proceeding on the theory that this trust estate is for the benefit of the entire family, including the husband, wife and children, and that it is to be apportioned between the members of the family as they may increase or diminish by reason of the birth or death of a child or children, James Rudd has no greater interest than the others; and if he has squandered or wasted the estate by mismanagement or otherwise, so as to consume his interest, his creditor has no equitable claim upon the fund as against these beneficiaries.    Their estate cannot be taken to pay their father's debts, from which they derive no benefit; hence, the necessity of having a settlement of James Rudd's accounts as trustee, in order to ascertain what interest, if any, he has in the rents and profits; and to do this the case should be referred to a commissioner, with directions to ascertain the disposition made by the trustee of the trust fund—his application of it to the support of the family—and if his

accounts show an indebtedness to his *cestui que trusts*, they must first be made whole out of the trust fund before a creditor of the trustee can subject it; in other words, the claim of the creditor is subordinate to that of the beneficiaries of the trust, if the trustee becomes indebted to them on settlement.

The judgment is therefore reversed, with directions to refer this case to the commissioner for settlement, and for proceedings consistent with this opinion.