CASE 110—PETITION  EQUITY—JUNE 6.

# Ormsby v. Dumesnil, &c.

APPEAL FROM LOUISVILLE CHANCERY COURT.

1. UNDER A DEVISE OR CONVEYANCE TO ONE FOR LIFE, REMAINDER TO "HIS CHILDREN, THE SURVIVORS OR SURVIVOR," the fee in remainder vests in the children as a class, and a conveyance in which all the children unite passes the fee subject to the life estate, and if the life tenant unites in the deed the title becomes perfect. The title is not in abeyance by reason of the clause of survivorship, for while it is uncertain which of the children will survive, it is certain that some one of them will do so, and, therefore, a conveyance by all passes the fee.

2. SAME—CONVEYANCE BY REMAINDERMEN TO LIFE TENANT.—Where husband and wife united in a conveyance of the wife's estate to a trustee for the wife's separate use for life, and after her death to "her children, the survivors or survivor," with power to the wife to devise the estate in the event of her death without children, a conveyance by the children to their mother, in which the trustee united, vested in the mother the fee with absolute power of disposition, the life estate with a limited or contingent power of disposition being swallowed up in the greater estate. Therefore, the deed of the mother in which her husband united passed an absolute title.

3. THE WORD "CHILDREN" IN A DEED OR WILL DOES NOT INCLUDE GRANDCHILDREN, unless it plainly appears from other provisions of the will that such was the intention, or unless such a construction is necessary to give effect to the grant or devise.

J. B. & R. C. KINKEAD FOR APPELLANT.

The title to the lot in question here is in the clouds, and will continue so until the death of Mrs. Dumesnil. Therefore, the deed from her children to her is premature, and, being in that condition, Dumesnil and wife can not pass a legal vendible title, or a title clear of clouds to Ormsby. (Bohon v. Bohon, 78 Ky., 408.)

D. W. LINDSEY FOR APPELLEES.

1. As to the remainder after the life interest of Mrs. Dumesnil, her children are joint tenants as at common law, the manifest intention being that the right of survivorship among them should exist.

2. In case of the death of one or more of the children of Mrs. Dumesnil, the "survivors or survivor" would acquire no additional title or in-

terest from or through the deceased child or children, but would still hold under the original grant. (2 Black. Com., side page 183-4; 2 Minor's Inst., 471.)

3. A power given to one having a particular estate in the land is merged or extinguished by his acquisition of the fee. (Maundrell v. Maundrell, 7 Ves., 567; Cross v. Hudson, 3 Bro., 30.)

4. In the construction of all contracts and instruments, the situation of the parties and the subject-matter of their transactions may be taken into consideration in determining the meaning of any particular sentence or provision. (Sugden on Powers, 459.)

5. When a married woman deals, or assumes to deal, in respect to a matter concerning which her common law disabilities have been removed, she will be bound by estoppel *in pais* as any other person. (Cook v. Walling, 10 Am. St. Rep., 17.)

HUMPHREY & DAVIE on same side.

1. The trust deed for the use of Mrs. Dumesnil for life, and after her death for the use of her children, the survivors or survivor, did not create any interest in her grandchildren, but created a vested estate in remainder in her children, and she as life tenant, and all of her children as remaindermen, and the trustee holding the legal title, by uniting, could convey a fee-simple estate to the property without regarding the grandchildren, it being settled that a devise to a person for life, with a remainder to the "children," creates no interest in the grandchildren. (Yates v. Gill, 9 Ben. Monroe, 204; Hopson v. Shipp, 7 Bush, 644; Churchill v. Churchill, 2 Metcalfe, 469; Turner v. Patterson, 5 Dana, 296; Ewing v. Handley, 4 Littell, 346; Phillips v. Beall, 9 Dana, 1; Sheets v. Grubbs, 4 Metcalfe, 341.)

2. The fact that the remainder estate was to the children, and to the survivor of them, did not cause the remainder estate to remain in abeyance or *in nubibus* until it could be seen which of the children should survive. There was an immediate vested remainder in her children. (Mercantile Bank v. Ballard, 83 Ky., 481; Doe v. Considine, 6 Wallace, 475.)

3. The death of one of the children hereafter will not cause the other children to inherit new rights from that deceased child; the doctrine of survivorship of joint tenants being not that the other joint tenants receive a new estate upon the death of one of them, but that the interest of the dying joint tenant is simply extinguished. (2 Minor's Institutes, 471; 2 Blackstone's Commentaries, 183; 1 Washburne on Real Property, 646.)

4. The right reserved to Mrs. Dumesnil to dispose of the property at her death by will has been merged into the fee-simple estate, which she now owns under the conveyance from her children and the trustee to herself. (Washburne on Real Property, 4th ed., volume 2, pages 343, 344.)

5. When Mrs. Dumesnil makes her conveyance to the appellant, Ormsby, with covenant of general warranty, her warrant will estop her from asserting title against her vendee, and will estop any devisee under her will from claiming title to this land; for, although a married woman is not personally liable on a covenant, she and those claiming under her are estopped by her covenant of general warranty in the same manner as if she were a *feme sole.* (Washburne on Real Property, vol. 3, page 313; 10 Metcalfe, Massachusetts, 192; 8 Ohio, 222; Massey v. Sebastian, 4 Bibb, 436.)

6. It was entirely legal and proper for the trustee, at the request of all of the *cestui que trusts,* to unite in a deed clearing the property of the trust, and converting it into a fee-simple in Mrs. Dumesnil, for such a trust can always be released by consent of the *cestui que trust.* (Perry on Trusts, 3d ed., secs. 285, 920; Woolley v. Preston, 92 Ky., 415.)

7. The case of Bohon v. Bohon, 78 Kentucky, relied on by the other side, has no application to this.

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

This action in equity was brought by H. A. Dumesnil and his wife against Collis Ormsby, to compel the latter to accept a deed to some real estate in the city of Louisville on the terms agreed upon by a written contract between the parties. The defense is the want of title. The realty consists of a lot with a front of fifty feet by two hundred and thirty deep on Ormsby avenue. The title to the land is in the wife of H. A. Dumesnil, and she derived title in this way: Robert Ormsby died in the year 1833, the owner of a tract of land called Cedar Hill tract, and containing one hundred and sixty-five acres, now within the corporate limits of the city of Louisville, and the lot in controversy being at one time a part of said tract. He left a will, by which, under the third clause, he devised this Cedar Hill tract of land to Eleanor Ormsby, the widow of his deceased brother George. The devise was to the widow for life or widowhood, with the remainder over in these words: "But in the event of

her (the widow) marrying, or upon her decease if she shall not marry again, I give and devise the said estate, with all the appurtenances, to the children of my deceased brother George, viz: Henrietta Ormsby, Mary Ormsby, George Ormsby, Robert Ormsby, and Collis Ormsby, their heirs and assigns, in equal shares, provided, however, that the same shall not be sold or divided until the youngest of said children shall attain full age, and then the division shall be made by them if they can agree, but if not, by my executors."

Mary, one of the children of the devisor's deceased brother, married Henry A. Dumesnil, and is an appellee in this case with her husband. The will created an estate for life in the mother of Mary, with the remainder in fee to Mary and her brothers and sister. The widow died in the year 1851, and there was a partition of this tract of land, or a part of it, between these children, and in that partition the lot in contro· versy was allotted to Mary Ormsby, now Mrs. Dumesnil, who, with her husband, sold it to the appellant.

When the allotment was made, Mrs. Dumesnil, instead of retaining title in herself, made a conveyance in trust of this lot to one Robert Bell on the following terms and conditions: "That the said Robert Bell shall hold the lots hereby conveyed for the sole and separate use of the said Mary Dumesnil during her life, and after her death for· that of her *children, the survivors or survivor*, and shall permit her to occupy it or rent it out, and to receive the rents, and her receipts for the rent shall be sufficient to all intents, and shall protect the said Bell and those to whom they may be given. In the event the said Mary shall

not have a child or children living at her death, she may, by a writing in the nature of a will, devise as she may desire the lot hereby conveyed, and such de-vise shall be sufficient to vest the title thereto in her devisor or devisees."

The object of this clause of the conveyance was to secure the property embraced by it to Mrs. Dumesnil and her children, and although without any consideration other than that of love and affection, is binding on the husband and wife executing it. Mrs. Dumesnil, when the deed was made, had four children living, and, after the conveyance, had born to her five more children. The record shows that all of these children are now living except one, who died, leaving a child, and that child died within a year after its birth. Bell, the trustee, is dead, and the heirs of Bell united in conveying the legal title in trust, and for the uses and purposes of the trust deed, to Henry Dumesnil, Jr., a son of the appellee, Mary. These children of Mrs. Dumesnil, after the conveyance by Bell's heirs to Henry Dumesnil in trust, *all of them being of full age*, and for the purpose of reinvesting their mother, Mary Dumesnil, with the fee that she had voluntarily surrendered by the original trust deed to Bell, in December, 1890, made and executed a conveyance by which they conveyed to their mother all their interest in remainder in the property embraced within the trust deed to Bell, passing to her the *absolute fee-simple*, as the conveyance expresses it, with the right to sell, give, mortgage, or otherwise dispose of the whole, or any part thereof, "it being the purpose and desire of the grantors to restore the entire fee-simple estate, and

the control, benefit and use of said property, and every part thereof, absolutely to the said Mary Ormsby Dumesnil, free from any limitations, incumbrances or remainder interest," &c., to be held as her separate estate, with the power to sell.

The trustee, Henry, united also as trustee with a view of perfecting the title in his mother. Some of the children were married women, but their husbands united with them in the conveyance, and by its terms the mother was reinvested with the fee, if the children had an interest in remainder that could be conveyed, or rather if they were invested at the time of the conveyance with the remainder interest. The conveyance by Mrs. Dumesnil was to Bell in trust for the life of the grantor, and then to her children, the survivors or survivor, and, if no children at her death, the power to dispose of the property by will is given to her in express terms. Mrs. Dumesnil is now over sixty years of age. The objection raised by counsel to the enforcement of this contract is, that no title vested in these children until the death of their mother, because it is uncertain which of the children may be alive to take as survivor. In other words, the title is *in nubibus*, ready to descend and vest in the child or children who may be alive at the death of the life tenant. If one only of these children should convey, the title would be defective, because, by the terms of the conveyance, if that child should die before the life tenant, the survivors would take what interest the dead child would have taken if it had survived the mother; nor would the survivors take in such a case by inheritance from the

child dying, but under the original deed of trust that, by its terms, provides the survivor shall take the estate. The interest of the one dying before the life tenant becomes extinct, but that the title in remainder vests in the children as a class is manifest; for if the life tenant had died at any moment, the children were ready to take the possession; they were not seized of a several interest, but of the whole estate. It will not do to say that the title is in abeyance, because of the clause of survivorship in the deed. (See Mercantile Bank v. Ballard's Assignee, 83 Ky., 481.)

Where the right of survivorship existed at common law as between joint tenants, they all could unite and pass the fee, and while this trust deed may not create a joint tenancy in the children in a legal sense, still under a devise or conveyance to children, and to the survivor or survivors, subject to a life estate, the fee in remainder passes to all the children, and, if any should die, the estate in remainder is with the survivors, because of the terms of the grant, and where all the children unite in making a conveyance of the remainder, the fee passes subject to the life estate, and with the life tenant uniting in the deed the title becomes perfect.

While the doctrine of the common law as to survivorship in case of joint tenants has been long since abolished by statute, an estate created by deed or will, with a clause of survivorship, is valid, and as these children are invested with a title to the whole estate in remainder, subject to this clause of survivorship, and as some one must survive the others, and

all have conveyed, the title in remainder having passed to the mother, who owned the life estate, has vested in her the absolute fee. The husbands of the married children have united with them in the conveyance to the mother, and there is no reason why their deed is not as complete to pass the title.as if the clause of survivorship had been omitted in the trust deed. The trustee, invested with the mere naked title, has united with them, and at their instance, in the conveyance to the mother, and, therefore, her life estate becomes a fee-simple estate. It has been enlarged and swallowed up by the greater estate, and instead of having the power to devise the estate if no child should be living at her death, she is now invested with all the rights of an absolute owner, with the power to sell, grant, give or convey the estate, her husband uniting with her in the conveyance.

The word children does not include grandchildren unless it plainly appears that such was the meaning from other provisions of the will, or that such a construction must necessarily be given the deed or will so as to give effect to the grant or devise. (Hopson v. Shipp, 7 Bush, 644; Churchill v. Churchill, 2 Met., 466; Phillips v. Beal, 9 Dana, 2; Yeates and Wife v. Gill, 9 B. M., 204.) The grandchildren having no interest in the estate, it seems to us that one vested with a life estate, with the power to sell or devise, as he or she may see proper, the whole of the estate upon the happening of an event that may be certain or uncertain, if, before the happening of the event, she acquires the absolute estate, without any restrictions,

the right to sell and convey the estate, although a married woman, must necessarily follow, and, having united with the husband in this conveyance to the appellant, the chancellor below was right in his judgment in enforcing the contract.

The judgment is affirmed.