CASE 15.—ACTION BY DAISY OFFUTT AGAINST STAIAR
MONTGOMERY AND OTHERS.—December 14, 1909.

## Montgomery, &c. v. Offutt

Appeal from Scott Circuit Court.

R. L. STOUT, Circuit Judge.

Judgment for plaintiff, defendants appeal.—Reversed.

1. Divorce—Alimony—Arrears—Payment.—While, where an allowance of alimony is for the wife's maintenance from year to year, where a long delay was because the husband had no property, or none that was supposed to be subject to the debt, the wife was entitled to have the allowance paid up to her second marriage.

2. Divorce—Alimony—Arrears—Payment—Discretion of Chancellor.—How much of the arrearage of alimony due from a husband to a wife should be paid was a matter resting in the sound discretion of the chancellor.

3. Wills—Construction—Property Subject to Debts of Devisee.—Where testator left certain property in trust for his son, the proceeds to be paid the latter in whole or in part in the discretion of the trustee, the son being empowered to dispose of the property by will, and there being no devise over, the estate was subject to the son's debts, notwithstanding testator provided that it should not be subject to such debts.

4. Divorce—Alimony—Payment—Defenses.—In an action to subject property held in trust for the trustee's brother to the payment of alimony due from the latter, that, in settlement of a suit against the trustee by the wife for alienating her husband's affections, the trustee paid to her a certain sum, thus anticipating the income of the husband's estate, was no defense; the matters being distinct.

JAMES BRADLEY and B. M. LEE for appellants.

BRADLEY & BRADLEY for appellee.

OPINION OF THE COURT BY JUDGE HOBSON—Reversing.

In a suit for divorce and alimony, which Daisy Montgomery instituted against her husband, Staiar Montgomery, in the Scott circuit court, a judgment of divorce was granted on February 6, 1904. The part of the judgment relating to alimony is as follows: "It is further adjudged that the plaintiff recover of the defendant alimony at the rate of $150 per year from the date of this judgment, payable in semi-annual installments, for which installments the plaintiff may have execution as the installments fall due or may proceed against the defendant by rule. These installments of alimony are to continue until the further order of the court." After that judgment was entered, Daisy Montgomery married S. S. Offutt, and Staiar Montgomery also married again. No part of the allowance of alimony having been paid her, on June 1, 1908, she took out an execution for $660.40, the amount accrued up to that time. The execution was returned no property found. Thereupon she instituted this suit against Staiar Montgomery, in which she undertook to subject to the judgment certain property devised to Harry Montgomery, in trust for Staiar Montgomery, by his father, H. P. Montgomery. The court sustained a demurrer to the defendants' answer, and entered a judgment for the plaintiff as prayed. The defendant appeals.

In the case of Franck v. Franck, 107 Ky. 362, 54 S. W. 195, 21 Ky. Law Rep. 1093, we had before us a judgment for alimony similar to that quoted above. In that case the wife had married again, and we held that no payment of alimony should be enforced sub-

sequent to her second marriage. In that case it was pointed out that, where an allowance is for the wife's maintenance from year to year, the court will not ordinarily compel the payment for a long period in arrears unless some explanation of the delay appears. There was no appeal in that case by the husband. The appeal was by the wife, and the question whether the chancellor had allowed more than he should have allowed was not before the court. In this case it appears that the delay was because the husband had no property, or none that was supposed to be subject to the debt, and, as far as appears, we see no reason why the allowance to the wife should not be paid up to her second marriage. How much of the arrearage should be required paid is a matter resting in the sound discretion of the chancellor, and can be determined by him on the return of the case to the circuit court. See Gerrein's Adm'r v. Michie, 122 Ky. 250, 91 S. W. 252, 28 Ky. Law Rep. 1193.

The next question in the case is whether the property devised by H. P. Montgomery may be subjected to the plaintiff's claim. The will, so far as material, is as follows: "The remaining third of my estate I give and devise to my son Harry Montgomery in trust for my son Staiar Montgomery, but the proceeds of both land and personalty are to be paid to said Staiar Montgomery in whole or in part in the discretion of said trustee, it being my purpose that no part of my estate is to be subjected to any debts, claims, demands or judgments now existing against my said son Staiar, or any he may hereafter create or that may hereafter be adjudged against him. The said trustee may sell any or all the lands and invest the proceeds thereof together with the proceeds of

the third of the personal property, in land, but in that event the title to the land shall be to Harry Montgomery, trustee of Staiar Montgomery, and subject to the same restrictions and limitations as before the sale and investment. I empower my son Staiar Montgomery to dispose of all the property held in trust for him by will, but in case he dies before his youngest child shall become of age, the estate shall be held by the trustee till the youngest child shall become of age, unless he devises it to others than his children, in which event it shall pass at once under his will.''

It will be observed that by this will the proceeds of the estate are to be paid to Staiar Montgomery in whole or in part in the discretion of the trustee, and that Staiar Montgomery may dispose of the property by will. There is no devise over. The property is devised to Staiar Montgomery, and the trust is created simply in an attempt to shield it from his debts. The trustee could not under the will withhold from Staiar Montgomery the proceeds of the estate, and, if he undertook to do so, would be compelled by a court of equity to account to him therefor. No other person has any interest in the proceeds of the estate. We had before us wills practically like this in Cecil's Trustee v. Robertson, 105 S. W. 926, 32 Ky. Law Rep. 357; Bland v. Bland, 90 Ky. 400, 14 S. W. 423, 12 Ky. Law Rep. 532, 9 L. R. A. 599, 29 Am. St. Rep. 390; Marshall v. Rash, 87 Ky. 116, 7 S. W. 879, 9 Ky. Law Rep. 963, 12 Am. St. Rep. 467. In all of these cases the estate was held subject to the debts of the beneficiary, and this case can not be distinguished from them. If the plaintiff's demand can not be paid within a reasonable time from the income of the estate, the principal of the estate may be

sold; but, under all  the circumstances, the  court should not order a sale of the corpus of the estate if the claim may be paid from the income in a reasonable time.

The defendant pleaded, among other things, that his divorced wife had sued his brother for damages for alienating the affections of her husband from her, and that in settlement of this suit he had paid her $4,000, thus anticipating  the income of his  estate. The sum paid her in settlement of the damage suit has nothing to do with her claim for alimony, and should not be taken into consideration in fixing the amount due her, or in determining how it is to be paid.   This settlement was a distinct matter having no connection with the allowance for alimony.   The court properly sustained the demurrer to this part of the answer.   The defendant may be allowed to amend his answer on the return of the case if he desires to do so, and plead any other facts as to changed conditions making proper a modification of the order as to alimony.   See Gerrein v. Berry, 99 S. W. 944, 30 Ky. Law Rep. 978.

Judgment reversed, and cause remanded for further proceedings consistent herewith.