## Hooge v. Hooge, et al.

(Decided February 23, 1911.)

### Appeal from Jefferson Circuit Court (Chancery Branch, First Division).

Divorce and Alimony—Abandonment of Wife by Husband—Support by Wife of Children—Allowance to Wife.—Appellee in an action for alimony against her husband who had abandoned her more than ten years ago, alleged, and the proof showed, that at the time he abandoned her she was left the custody of their two children, girls, then six and eight years of age; that she had obtained a judgment against him for $20.00 a month alimony, and soon thereafter he left the State and moved to Chicago, Ill., and had never paid anything on the alimony, and she by her own efforts had maintained her two children. When his father died in Louisville he had two life insurance policies in the Connecticut Mutual Life Ins. Co. in which her husband's interest was $1.170 for which she sued, and the company paid the money into court. Appellant admitted the allegations of the petition, but alleged she had let ten years pass without making any effort to enforce the judgment, that he was poor and unable to support himself, but offered to divide his interest in the policies with her which she refused. The court allowed the wife the sum paid in by the insurance company, and he appeals. Held, the court was not compelled to award the amount as fixed by the judgment in the original action for divorce and alimony, and in our opinion the amount allowed was a small sum for the appellant to have to pay and he has no cause to complain.

CHATTERSON & BLITZ for appellant.

FRANK DAUGHERTY, and EDWARDS, OGDEN & PEAK for appellee, Nellie Hooge.

HUMPHREY & HUMPHREY for appellee, Connecticut Mutual Life Ins. Co.

Opinion of the Court by Judge Nunn—Affirming.

Appellee instituted this action averring that she obtained a divorce from appellant, Thomas E. Hooge, in April, 1899, and the custody of their children, two girls, who were at that time about six and eight years of age, and also a judgment against appellant for $20 a month alimony; that soon after the judgment was rendered appellant left the State and, as she understands, has resided in Chicago, Illinois, ever since; that he has never paid anything on the alimony; that she, by her own efforts aided by her relatives and friends, has maintained herself and supported and educated her children, who are now about seventeen and nineteen years of age. She alleged that appellee had no property out of which she could make the judgment for alimony or any part thereof, but that his father died in Louisville a short time before the institution of this action and he had two policies in the Connecticut Mutual Life Insurance Company, which she made a party, and that appellant's interest in the two policies amounted to about $1,170. The insurance company answered admitting the allegations as to it, and paid appellant's part of the policies into court. Appellant answered admitting that appellee had maintained herself and the children since the divorce without any aid from him. He alleged that she had let ten years elapse; that during that time no effort was made by her to enforce the judgment for alimony; that by her conduct she had lulled him into believing that neither alimony nor any assistance would be expected of him. He stated that he was poor; that he had not been able to accumulate anything; that he had been sick repeatedly and had had financial difficulties; that his interest in the policies was all he had; that he owed two or three hundred dollars which he was unable to pay unless he could receive his interest in the policies, and that he was willing and proffered to divide his interest in the policies equally with her. Appellee replied and refused to accept his proposition and averred that by reason of his having no property she had made no attempt to collect the alimony; that he had at all times been a non-resident of this State since the judgment was rendered, and for that reason she took no legal steps to collect same.

The two parties were the only ones to give depositions. They each sustained the allegations of their pleadings. The lower court gave appellee the amount paid in

by the insurance company, from which appellant prosecutes this appeal. Appellant relies upon the cases of Franck v. Franck, 107 Ky., 362; Gerrin's Adm'r v. Berry, Judge, 30 Ky. Law Rep., 978, and Montgomery, et al. v. Offut, 136 Ky., 157, as supporting his contention that the lower court erred in its judgment. These cases support the principle that the amount allowed in such actions should be determined by the sound discretion of the court. In other words, the court was not compelled to award the amount as fixed by the judgment in the action for divorce and alimony. If the court had allowed all that was due under that judgment, it would have been about $2,480, but the court allowed her something over eleven hundred dollars. In two of the cases referred to, the parties had married again, but it appears that they have not in the case at bar. Appellant has worked for and supported himself alone for ten years, and appellee, for the same length of time, has supported herself and two girls, whom she has also educated, and whom appellant was under moral and legal obligation to support and educate, or, at least, to aid in so doing. In our opinion, the amount allowed appellee was a small sum for appellant to have to pay, and he has no cause to complain.

For these reasons, the judgment of the lower court is affirmed.