Whole court sitting.

---

## Brock, et al. v. Brock, et al.

(Decided March 7, 1916.)

### Appeal from Scott Circuit Court.

1. **Wills—Devise to Daughter and Her Children—Construction.**—Under a devise by a father to his daughter and her children, the daughter takes a like estate with remainder to her children born and to be born.

2. Wills—Estate Devised—Dying Without Issue.—Under a will by which the testator devised certain property to his son and his children and other property to his daughter and her children, with a limitation over to the survivor if either died without children, and with a further limitation over to his widow and his nieces and nephews if both devisees died without children, dying without children means the death during the lifetime of the testator's widow, and the children of her daughter, who survived the testator's widow, take an indefeasible fee in remainder, though their estate is subject to be diminished by the birth of other children.

3. Wills—Exempting Property Devised From Debts of Devisee— Validity of Provision.—A provision in a will to the effect that the devised property will not be subject to the debts of the devisee is contrary to public policy and void.

ROBERT B. FRANKLIN, ROBERT C. TALBOTT and FRANKLIN & TALBOTT for appellants.

HARMON STITT for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

B. F. Dorsey, a resident of Scott County, died testate in the year 1878. The material portions of his will, which was duly probated by the Scott County Court, are as follows:

"I, Benedict Dorsey, of the County of Scott, State of Kentucky, being of sound mind and knowing the uncertainty of life and wishing to leave my property to my wife and children in such manner that it cannot be spent by them or any one else, do make and constitute this my last will and testament in the manner and form following:

"1. I commit my soul to God and my body to be decently buried in the Georgetown Cemetery, where my wife and children may also be buried.

"2. I wish that all my just debts and funeral expenses be paid.

"3. I will and bequeath to my son Benedict F. Dorsey and his children the farm on which my father Reason A. Dorsey, deceased, containing one hundred and eighty-four (184) acres. or thereabouts; also the land on the east and north of the line of the land I own (here follows description.)

"To my daughter Fannie Cromwell Dorsey and children the balance of my farm, containing one hundred and fifty (150) acres; also my farm on the west side of

the dirt road, known as the Franklin Otwell farm, containing about one hundred and fifty or fifty-one (150) or (151) acres; the land so willed to my daughter Fannie C. Dorsey or the rents or crops are not to be subjected to any debts made by her or her husband or children. In case there be a separation of my son B. F. Dorsey and his wife or my daughter Fannie C. Dorsey and her husband, the property of either my son or daughter shall not be subject to alimony by their wife or husband in the maintenance of their children without being under their control. The lands so devised to both my son and daughter shall be subject to the sum of three hundred dollars each per annum as the due of their mother, Mattie L. Dorsey, for her interest in the lands so willed to them; if either my son or daughter should fail to pay the said sum of three hundred dollars at any time, I hereby empower my wife to rent out so much of said land as will pay said amount per annum; the land rented of her son, B. F. Dorsey, is to be of the tract of one hundred and sixteen acres or thereabouts. If said tract rents for more money than will pay her, the balance to be paid over to her son B. F. Dorsey; the land rented of her daughter Fannie C. Dorsey is to be of the north side of the Frank Otwell farm, and should there be more money than will pay the three hundred dollars, the balance to be paid to her daughter, Fannie C. Dorsey; the said sum of three hundred dollars in case my wife Mattie L. Dorsey should be my survivor, until her death, unless she should survive her children or grandchildren. If either of my two children should die leaving no bodily issue to the share of said decedent, either son or daughter is to go to the one that is living and their children and my wife Mattie L. Dorsey is to have her three hundred dollars per annum as hereinafter stated and the same power to collect, and in case of the death of both leaving no children, then my wife Mattie L. Dorsey is to have the home farm containing two hundred and sixty-five acres and thirty-five acres off the Frank Otwell farm, making about three hundred acres, so long as she may live, but to have the land devised to my son B. F. Dorsey one hundred and sixteen acres with enough added thereto to make one hundred and fifty acres to dispose of as she may wish, then the balance of lands to go to my nieces and nephews that are living and the children of those that are dead."

.The testator was survived by his wife, Mattie L. Dorsey, and two children, Benedict F. Dorsey and Fannie C. Brock, formerly Fannie Dorsey. His son, Benedict F. Dorsey, who was never married, died about twenty-seven years ago leaving no children nor descendants. Mattie L. Dorsey, testator's widow, died in 1901. Fanny Dorsey intermarried with Frank S. Brock. They have five children, three of whom are of age and two are infants.

This suit was brought by Fannie C. Brock and her husband and her three adult children against her infant children for the purpose of having the will in question construed. The chancellor held that Fannie C. Brock took a life estate and her children a vested remainder, subject to be diminished by the birth of other children; that the joint deed or mortgage of Fannie C. Brock, her husband and her adult children would pass a good title to the life estate of Fannie C. Brock and to the remainder interests of the adult children, subject, however, to such remainder interests of such children being diminished by the birth of other children to the life tenant. He further held that the provision that the land, rents and crops could not be subjected to the debts of Mrs. Brock or the children was void. The appeal challenges the correctness of the judgment.

1. The language of the will is: "To my daughter Fannie Cromwell Dorsey and children." In other words, the devise is from a father to his daughter and her children. There is nothing in the will to indicate that the word "children" is used as heirs. It is clear that the testator intended not only that his daughter should enjoy the estate, but that her children, born and to be born, were to have a beneficial interest therein. Therefore, it is the settled rule in this character of cases to effectuate the intention of the testator by giving a life estate to the first taker and the remainder to the children born and to be born. Hall v. Wright, 121 Ky., 16; Bodine's Admr. v. Arthur, 91 Ky., 55, 12 R., 650, 14 S. W., 904, 34 Am. St. Rep., 162; Carr v. Estill, 16 B. Mon., 309, 63 Am. Dec., 548; Harkness v. Lisle, &c., 132 Ky., 767.

2. The next question is whether the children take an absolute estate or merely a defeasible fee in remainder. It will be observed that the devise to each of

the testator's children is subject to the payment of $300.00 to his widow.

There is a further provision that if either of his two children should die leaving no bodily issue, the share of such child is to go to the survivor, but his wife was to have $300.00 per annum, as provided in the will. The will further provides that if both of the testator's children should die leaving no children, his widow was to have three hundred acres for life and one hundred and fifty acres to dispose of as she might wish. In that event, the balance of his lands was to go to his living nieces and nephews, or the children of those that were dead. It is clear, we think, that the testator, in speaking of the death of either or both of his children without leaving issue, meant their death in the lifetime of their mother, since only in that event was there any limitation over to his widow or to his nieces and nephews. Since Mrs. Brock survived her mother, it follows that the estate of her children is not now subject to defeasance. On the contrary, her present children take a vested remainder, not subject to defeasance but subject to be opened up and diminished by the birth of other children. Therefore, a deed or mortgage made by Mrs. Brock, her husband and adult children would pass their interest in the estate devised, though such interest may hereafter be diminished by the birth of other children.

This is not a case where the income from certain property is devised to one for life, with the provision that if any court should ever hold it subject to the devisee's debts, his interest therein should cease and the title should vest in his children. Such provision has been held to be valid. Bottom v. Fultz, 124 Ky., 302; Bull, etc. v. Kentucky National Bank, 90 Ky., 452, 14 S. W., 425, 12 L. R. A., 37. It is simply a case where the testator provides in the will that the property actually devised shall not be subject to the debts of the devisee. We have frequently held such provision to be contrary to public policy and void. Woolley v. Preston, 82 Ky., 415; Montgomery, &c. v. Offutt, 136 Ky., 157; Rudd v. Hagan, 86 Ky., 159.

It follows that the judgment of the chancellor, which accords with the views herein expressed, is correct.

Judgment affirmed.