## Louisville Tobacco Warehouse Company v. Thompson, Administrator, et al. of Rose P. Camden.

(Decided November 23, 1916.)

### Appeal from Washington Circuit Court.

1. Trusts—Subjecting Interest of Beneficiary to Debts.—Under section 2355 of the Kentucky Statutes, the estate or interest which a beneficiary or cestui que trust takes in property may be subjected to the payment of his debts; but, before this can be done, his interest therein must be such as he could legally enforce against the trustee.

2. Trusts—Rights and Remedies of Creditors.—When a trustee has a discretion as to the payment of the income or usufruct from the estate to the beneficiary, this does not create such an interest in him as that he can legally enforce against the trustee, and none which a creditor can subject.

HUMPHREY, MIDDLETON & HUMPHREY for appellant.

MARSHALL DUNCAN, S. A. RUSSELL and W. C. McCHORD for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The question involved on this appeal is whether the interest which Charles W. Camden took in his wife's es-

tate under her will may be subjected to the payment of his debts.

The first clause of Mrs. Camden's will provides for the payment of funeral expenses, debts, costs of administration, and for the erection of a suitable monument at her grave.

The second clause is as follows:

"I appoint D. S. Yancey, of Washington County, executor of this will, and direct that no security be required of him on his bond as said executor, and I devise to my said executor all of the residue of my estate, after the payment of the items named in paragraph first, for the following purposes, to-wit:

(1) To sell and convey the same and invest the proceeds as he may deem for the best interest of my estate.

(2) To control, dispose of, make profits and increase the same for the benefit thereof as though he was the absolute owner of said estate, during the natural life of my husband, Charles W. Camden.

(3) Of the proceeds of increase from said estate that may come to the hands of my executor under this will, said executor may pay for the support and maintenance of my husband, C. W. Camden, whatever amount, if any, my said executor may deem reasonably necessary and proper for that purpose, in the discretion of my said executor."

By the third clause she devises her estate, after the death of her husband, one-half to Nellie Thompson, and the other one-half to the Springfield Baptist Church. The fourth clause makes provision for compensation for the executor of her will and the trustee of her husband, and by the fifth clause it is provided that if the named executor and trustee should fail to qualify or to faithfully discharge the duties imposed upon him as such, the County Judge of Washington County should appoint a suitable person in his stead; but such person so appointed, if any, should receive the recommendation of the husband of the testatrix.

Mr. Yancey, the executor named in the will, qualified, but after serving for awhile, he resigned and the court appointed the appellee, Thompson, and he, discovering that there were considerable debts against the three small pieces of real estate owned by the testatrix, due for purchase money, and, preferring to proceed under the

orders of the court rather than under the powers con-ferred by the will, brought this suit for the settlement of the estate and the sale of the property to pay the lien debts and to convert all of it into cash.

The appellant filed in that suit its intervening peti-tion stating that it had obtained a judgment against the husband for the sum of $2,279.78, upon which execution had been returned no property found, and it sought to subject his interest in the property devised to the pay-ment of its judgment. To this pleading a demurrer was filed and sustained, and, declining to plead further, its claim was dismissed, and from that judgment it prose-cutes this appeal. Section 2355 of the Kentucky Statutes is:

"Estates of every kind held or possessed in trust, shall be subject to the debts and charges of the persons to whose use, or for whose benefit, they shall be respec-tively held or possessed, as they would be subject if those persons owned the like interest in the property held or possessed as they own or shall own in the use or trust thereof."

It is insisted by appellant that under the provisions of that section it is entitled to appropriate to the pay-ment of its debt the interest of the husband provided for by his wife's will, but whether this is so is dependent upon the further question whether the husband as *cestui que trust* takes an *estate,* under the language of the will, which he can enforce; for, unless he does, there is noth-ing which a creditor may subject, under repeated rulings of this court. The purpose of the statute was to reach for the payment of debts trust estates the same as legal estates, and manifestly if there is no estate held by the *cestui que trust* in the trust property, there is no rule for the application of the statute. The precise question arising under the same statute, with similar language creating the trust or interest in the property, was be-fore this court in the case of Davidson's Executor v. Kemper, 79th Kentucky 5. By the will considered in that case the executors were devised the entire estate of the testator. They were authorized to hold, use and control the same for the use and benefit of the testator's widow and three children, one of the latter of whom was Charles Davidson. The executors were empowered "To manage the estate in such way as may seem to them most to redound to the increase thereof, and to the best in-

terest of my said wife and children, and full power is hereby given and devised to my said executors, in their discretion, to sell and convey any and all of my real estate,'' etc. By the seventh clause of the will it was provided that the executor pay to each of the three children, for their use and benefit, either quarterly, half-yearly or annually, ''As they may deem most expedient, sum or sums suitable and proper for the support of each, not exceeding either the income or profits of his or her share of my estate.''

It was further provided in the will that these payments, as specified, should be made to each of the children during life. An effort was made by a creditor of Charles Davidson to subject his interest under the will to the payment of a debt he owed, which the trial court did, but that judgment was reversed by this court upon the ground that the debtor, Charles Davidson, took no beneficial interest in the property devised, nor was there any estate in the property created in him, and that his interest was confined to the income, which was left discretionary with the trustee. Many preceding cases from this court are referred to and discussed, and the language of each of them creating the interest sought to be subjected was differentiated from that involved in the case then being considered. The final conclusion by this court in the Davidson case is:

''Neither the whole nor any specific portion of the income is to be appropriated for the benefit of Charles Davidson, but only such sums, not exceeding the income, as the executors 'may deem most expedient.' ''

Under the will we have here the executor ''May pay for the support and maintenance of my said husband, Charles W. Camden, whatsoever amount, if any, my said executor may deem reasonably necessary and proper for that purpose in the discretion of my said executor.'' This language is equally as broad in conferring upon the executor discretionary powers concerning the payments to be made to the husband as is the language in the Davidson case conferring such powers on the executor as to payments to be made to Charles Davidson. In fact there can be no distinction made with reference to the discretion given by the executor or supposed trustee in the two cases. It is claimed, however, that the doctrine of the Davidson case has been modified by the later decisions of this court in the cases of Marshall's Trustee

v. Rash, 87 Ky. 116; Hubbard v. Hays, 30 Ky. Law Rep. 406; Fidelity Trust Co. v. Walker, 116 Ky. 381; Cecil's Trustee v. Robertson, 32 Ky. Law. Rep. 357; and Montgomery v. Offutt, 136 Ky. 157. We have examined these cases and we do not give the interpretation to them insisted on by counsel for appellant.

In the Marshall case the devisee, whose interest was sought to be and was subjected, was rightfully held, under the provisions of the will there involved, to take a beneficial interest or an estate in the property devised; it is said in the opinion:

"It is not necessary to refer particularly to the provisions of the wills in the three cases just cited (one of which is the Davidson case) nor to determine whether they are allowable exceptions to the rules we have laid down here, for the circumstances of these cases are wholly different from the one now before us."

In the Fidelity Trust Company case the trustee was not only directed to pay the *cestui que trust* debtor a specific sum per month, but the language of the will, as construed, gave the trustee the right to make up any deficit from the income in the payment of the specified monthly sums out of the corpus of the property, and these two differentiating features from the language of the will we are now considering in this case were adjudged to give the *cestui que trust* a beneficial interest or an estate in the property, and one which he could enforce against the trustee, and which his creditor could subject.

In the Hubbard case there was no discretion given to the executor as to the payment of the income, unless the *cestui que trust* whose interest was sought to be subjected to the payment of his debts should continue to lead an intemperate life, in which event the income should be paid to the wife of the son; but if the son should lead a sober life, it was mandatory upon the executor to pay to him the entire income of the property devised. The discretion in that case lodged with the executor did not refer to the sums or amounts which he should pay, but only to the person to whom he should pay them at the particular time payments should be made. Whoever was entitled to it at that particular time could enforce the payment, and this right gave the *cestui que trust* a beneficial interest in the estate. Furthermore, in that case, under the terms of the will, after the wife died

and the children ceased to reside with the son of the testator, he became entitled to the entire income, and these conditions existed at the time that suit was filed.

In the Cecil case the instrument creating the trust is not shown, but we find in the opinion this language:

"The rule is, that when the trustee has the discretion to withhold from the beneficiary all interest in the trust fund, then the fund may not be subject to the debts of the beneficiary, but that if the beneficiary may in equity compel the trustee to pay her a certain part of the estate or income, the creditors may do the same. Where, by the deed, a beneficial interest is vested in the beneficiary, it may be subjected to his debts, although the grantor provides that it shall in no wise be liable thereto."

In the Montgomery case the devisee whose interest was sought to be subjected was given an absolute interest, but it was to be held by a designated trustee, and the beneficiary was given the power to dispose of the property by will. There was no devise over, as we have in the instant case, and these facts controlled this court's decision in reaching the conclusion that the property could be subjected to the debts of the devisee. The court says:

"There is no devise over. The property is devised to Staiar Montgomery, and the trust is created simply in an attempt to shield it from his debts. The trustee could not, under the will, withhold from Staiar Montgomery the proceeds of the estate, and, if he undertook to do so, would be compelled by a court in equity to account to him therefor. No other person has any interest in the proceeds of the estate."

From the brief review we have given these cases, it becomes apparent that the rule is that where the beneficiary whose interest is sought to be subjected is given an enforcible interest in the property devised, that interest may be subjected to his debts. Such an interest is given when a specific sum is directed to be paid to him, and the payment of which sum he can legally enforce. It is likewise given when the language creating the interest is sufficient to give him an estate in the property devised, but, when neither of these is given, and the sum which he is to receive is discretionary with the trustee, no interest is created which may be subjected to the payment of his debts. We construe the will under consideration to give to Charles Camden an interest in

his wife's property of the latter character only. Garner v. Wills, 92 Ky. 386.

It results, therefore, that the judgment of the court appealed from is correct, and it is affirmed.