**Lon Carter, et al. v. John W. Carter, et al.**

**Jim Carter, et al. v. John W. Carter, et al.**

**R. Rudy, Executor v. John W. Carter, et al.**

(Decided March 27, 1925.)

Appeal from McCracken Circuit Court.

1. Wills—Generally, Word "Children" Does Not Include Grandchildren Unless Will Demands such Construction.—Generally, the word "children" does not include grandchildren, unless it plainly appears that such was the meaning from other provisions of the will, or that such a construction must necessarily be given to the deed or will so as to give effect to the grant or devise.

2. Wills—Word "Children" in Phrase "Children Now Living" of Deceased Brothers and Sisters, Held to Include Grandchildren of Such Legatees.—In a will in which testator devised his personalty to the "children now living" of his brothers and sisters,

the word "children" held to include grandchildren of deceased brothers and sisters, they to share testator's estate per stirpes along with the children of such deceased brothers and sisters, in view of evidence justifying application of Ky. Stats., sections 2064, 4841.

J. E. WARREN for appellants.

R. O. HESTER for appellees.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

This appeal seeks a construction of the last will and testament of William H. Carter, who died a resident of Graves county in 1922. The will, in so far as relevant, reads:

"I give, bequeath and devise my estate, both real and personal, to certain relatives of mine as follows, that is to say:

"1. I devise to my grandnephew, John Sprouse, the farm on which I now live, known as my home place and located in Graves county, Kentucky, and containing forty acres more or less.

"2. I devise to my grandniece, Miss Susie Sprouse, the lot with brick residence thereon known as number 324 South Fourth street, Paducah, Kentucky.

"3. I direct that my personal estate be divided into seven equal parts so far as may be reasonably done and distributed as follows, to-wit:

"4. One-seventh to be divided equally between the children now living of my sister, Mrs. Amanda Williams, formerly of Nashville, Tenn., but now deceased.

"5. One-seventh to be divided equally between the children now living of my brother, John B. Carter, now deceased.

"6. One-seventh to be distributed equally between the children now living of my sister, Mrs. Margaret Mayo, formerly of Nashville, Tenn., but now deceased.

"7. One-seventh to be distributed equally between the children now living of my sister, Mrs. Polly Snelling, now deceased.

"8. One-seventh to be distributed equally between the children now living of my sister, Mrs.

Sophia Fuqua, formerly of Nashville, Tenn., now deceased.

"9. One-seventh to be distributed equally between the children of my brother, James H. Carter, formerly of Graves county, but now deceased.

"10. One-seventh to be distributed equally between the children now living of my half-sister, Mrs. Johanna Greer, formerly of Graves county, but now deceased."

Testator later executed a codicil affecting items 1 and 2 of the will, but in no way changing the provisions of that part of the will in contest.

It will be observed that the testator devised his personal estate to the children "now living" of his brothers and sisters. The testator's father and mother were dead. He had no wife and no children. The question presented for decision is as to the meaning and construction of the words "living children" as employed in the will. Did the expression "living child," or "children now living," include grandchildren?

At the time the will was written as well as when probated John B. Carter, deceased, mentioned in paragraph 5 of the will, had two living children, Lon and Jim Carter, and four dead children, who left descendants. Mrs. Polly Snelling, deceased, a sister of testator, mentioned in paragraph 7 of the will, was survived by no child or children, but she had four grandchildren, descendants of her deceased son, George.

All these facts and many others of like nature were set forth in the petition, to which a general demurrer was filed and overruled. No answer was presented. The averments of the petition were confessed. Among other things it was averred that testator's sister, Polly Snelling, had no living children but left grandchildren, which facts were well known to the testator at the time of the making of the will.

It is insisted by appellants that only children of testator's brothers and sisters were included by the terms of the will and that grandchildren were not included within its provisions. On the other hand, appellees argue that under sections 2064 and 4841, Kentucky Statutes, the grandchildren were included within the provisions of the will, and where the children of the deceased brothers or sisters were dead, leaving children, such grandchildren took the share which would have fallen to

their parents had they survived. The chancellor held that John B. Carter, deceased, and Mrs. Johanna Greer, deceased, who had some living children and also living grandchildren, some of whom were children of their children then dead, and that Mrs. Polly Snelling had no living children when said will was written, nor when the testator died, but did have living grandchildren, who were children of her children that were dead, and that he, the testator knew all of these facts when he executed the will, and that the words "children now living" and "living children" were intended to include the living grandchildren, the grandchildren of John B. Carter, deceased, Johanna Greer, deceased, and Polly Snelling, deceased, and whose parents were dead, and adjudged that the grandchildren take under the will the part their parents would have taken had they been living.

The rule is well settled that the word "children" does not include grandchildren unless it plainly appears that such was the meaning from other provisions of the will, or that such a construction must necessarily be given to the deed or will so as to give effect to the grant or devise. Ormsby v. Duncan, 91 Ky. 601. By section 4841, Kentucky Statutes, it is provided:

"If a devisee or legatee dies before the testator, or is dead at the making of the will, leaving issue who survive the testator, such issue shall take the estate devised or bequeathed, as the devisee or legatee would have done if he had survived the testator, unless a different disposition thereof is made, or required by the will."

Section 2064, Kentucky Statutes, provides:

"When a devise is made to several as a class or as tenants in common, or as joint tenants, and one or more of the devisees shall die before the testator, and another or others shall survive the testator, the share or shares of such as so die shall go to his or their descendants, if any; unless a different disposition is made by the devisor. A devise to children embraces grandchildren when there are no children, and no other construction will give effect to the devise."

This section plainly provides that the word "children" embraces grandchildren when there are no children and no other construction will give effect to the de-

vise. According to the averments of the petition the testator knew that his sister Polly was dead and that she had no surviving children, but that she had surviving grandchildren. With these facts in mind he prepared the will, item 7 of which bequeathed one-seventh of his personal estate, "to be distributed equally between the children now living of my sister, Mrs. Polly Snelling." No doubt he meant the grandchildren "now living" of Mrs. Snelling, for there were no children living at the time the will was made. Likewise he was aware that some of the children of a deceased brother, John D. Carter, had passed to the Great Beyond, leaving children, and intended that the grandchildren of his deceased brother should share with his children, *per stirpes*.

Reading the will in the light of all the surrounding circumstances, it seems clear that the testator intended for the word "children" to embrace grandchildren and for the grandchildren of his deceased brothers and sisters to share his estate along with their children. The chancellor having so held his decree is affirmed.