## Todd's Executors et al. v. Todd.

(Decided April 30, 1935.)

**612**

JOHN NOLAND for appellants.

PORTER & ROBBINS for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

The question presented in this case involves the validity of a clause in the will of Paulina E. Todd who died a resident of Madison county in September, 1933. The portion of the will pertinent to the issue presented reads:

"The part of my estate devised to Romulus Todd is devised in trust to my executors, or if they decline to qualify, to some trustee to be appointed by the Madison County Court, upon the following terms and conditions: Said trustee is to hold said property and make same profitable by safe investments. He is to use the income or principal in the support, maintenance and comfort of said Romulus Todd during his life, and is to have an absolute discretion as to what part of either the principal or the income he shall use for said purpose or pay to said Romulus Todd and this discretion is not to be controlled by any other person and in no event is any portion of the principal or interest from said fund, during his lifetime to be applied to pay any debt of said Romulus Todd, and in case any creditor should undertake to subject same, or any part thereof, then this trust is to cease and the principal is to go to the remaindermen hereinafter named, if the Court should adjudge that any part could be so subjected. At the death of Romulus Todd, the trustee of said fund shall pay whatever remains, either from the principal or accumulation of principal and interest to the children of said Romulus, Todd."

On May 31, 1923, the appellee, Iva Todd, obtained a judgment in the Madison circuit court divorcing her from Romulus Todd and allowing her the sum of $30 per month for the maintenance and support of herself and three infant children. The monthly allowance was paid until May, 1924, when Romulus Todd left the state. He has remarried, and resides in California. Soon after the death of Paulina E. Todd the appellee brought an action in the Madison circuit court against Romulus Todd to recover the sum of $3,420, alleged to be the unpaid balance due on the judgment obtained by her in the divorce action. Romulus Todd was brought before the court by warning order, and a personal judgment by default was taken against him. Holman Todd and Conrad Long, executors under the will of Paulina E. Todd, also were made parties, and the petition, after setting out the provisions of the will above quoted, alleged that the interest devised in trust for the use and benefit of Romulus Todd was such as could be subjected to the payment of the plaintiff's debt of $3,420. After the personal judgment against Romulus Todd was entered, an amended petition was filed setting up that fact, and an attachment against the trust fund was asked for.

The three infant children of Romulus Todd, by their mother as their next friend, filed an intervening petition in which it was alleged that the trust estate of Romulus Todd was subject to the claim of Iva Todd, and in the prayer of the intervening petition the court was asked to adjudge that the trust had ceased, and that the three children were entitled to the absolute title in the trust estate. The demurrer of the executors to the petition was overruled, and it was adjudged that Iva Todd was entitled to have her judgment for $3,420 paid out of the trust fund. The executors and Romulus Todd have appealed.

The question squarely presented is whether the provision of Paulina E. Todd's will creating a trust estate for the benefit of her son, Romulus Todd, is void and unenforceable as in violation of section 2355 of the Kentucky Statutes, which reads:

"Estates of every kind held or possessed in trust, shall be subject to the debts and charges of the persons to whose use, or for whose benefit, they shall be respectively held or possessed, as they would be

subject if those persons owned the like interest in the property held or possessed as they own or shall own in the use or trust thereof.''

This depends upon whether or not the will creates a beneficial interest that can be enforced by the cestui que trust. Where the trustee is authorized in his discretion to withhold all payments, the cestui has no absolute right which he can enforce or which can be reached by creditors. In Cecil's Trustee v. Robertson & Brother, 105 S. W. 926, 927, 32 Ky. Law Rep. 357, it was said:

"The rule is that, when the trustee has the discretion to withhold from the beneficiary all interest in the trust fund, then the fund may not be subjected to the debts of the beneficiary, but that, if the beneficiary may in equity compel the trustee to pay her a certain part of the estate or income, the creditors may do the same.''

Where a testator provides in his will that property actually devised shall not be subject to the debts of the devisee, such provision is void, Montgomery, etc., v. Offutt, 136 Ky. 157, 123 S. W. 676; Rudd v. Hagan, 86 Ky. 159, 5 S. W. 416, 9 Ky. Law Rep. 465, and where the income from certain property is devised to one for life, with the provision that if any court should ever hold it subject to the devisee's debts his interest therein should cease and the title should vest at once in the remaindermen, such provision is valid. Bull, etc., v. Kentucky National Bank, 90 Ky. 452, 14 S. W. 425, 12 Ky. Law Rep. 536, 12 L. R. A. 37; Bottom v. Fultz, 124 Ky. 302, 98 S. W. 1037, 30 Ky. Law Rep. 479; Brock v. Brock, 168 Ky. 847, 183 S. W. 213.

The provision in the will of Paulina E. Todd falls in neither of these classifications. There is no misconstruing the intent of the testatrix in the instant case. The language of the will is direct and unambiguous. It was the manifest intent of the testatrix that the legal title and the absolute control of the property should pass to the trustees, and that they should be vested with absolute discretion in the matter of payments to the cestui out of the principal and income. No interest vested in the cestui. He has no rights which he can enforce. The property is given to the trustees to be applied in their discretion, uncontrolled by any other

person, to the use of Romulus Todd, and no interest goes to him until the trustees have exercised this discretion. Section 2355 of the Statutes has no application where the cestui is without any interest in the trust estate which he can enforce. Davidson's Executors v. Kemper, 79 Ky. 5; Hackett's Trustee v. Hackett, 146 Ky. 408, 142 S. W. 673.

In Louisville Tobacco Warehouse Co. v. Thompson, 172 Ky. 350, 189 S. W. 245, 247, the provision of the will there under consideration was very similar to the provision of Paulina E. Todd's will heretofore quoted, and it was held that no interest was created which could be subjected to the debts of the beneficiary. After reviewing a number of cases, the court said:

"From the brief review we have given these cases, it becomes apparent that the rule is that, where the beneficiary whose interest is sought to be subjected is given an enforceable interest in the property devised, that interest may be subjected to his debts. Such an interest is given when a specific sum is directed to be paid to him, and the payment of which sum he can legally enforce. It is likewise given when the language creating the interest is sufficient to give him an estate in the property devised, but when neither of these is given, and the sum which he is to receive is discretionary with the trustee, no interest is created which may be subjected to the payment of his debts."

Our conclusion is that the will under consideration gives to Romulus Todd no interest in his mother's estate which can be subjected to the payment of his debts.

It is argued that the personal judgment against Romulus Todd, who was constructively summoned, is invalid, but, in view of the conclusion we have reached, it is unnecessary to discuss or determine that question. Furthermore, no appeal was taken from that judgment.

The judgment is reversed with directions to enter a judgment in conformity with this opinion.