**Basil Pearson COOPER et al., Appellants,**

**v.**

**John Edward Fowler COOPER et al.,
Appellees.**

Court of Appeals of Kentucky.

July 7, 1965.

Basil P. Cooper, Arlington, Va., I. C. James, Harrodsburg, for appellant.

Malcolm Y. Marshall, Ogden, Robertson & Marshall, Louisville, George N. Woolcott, W. H. Phillips, Harrodsburg (Guardian Ad Litem), for appellees.

PALMORE, Judge.

This suit was brought for the purpose of clarifying and determining the title to three contiguous vacant lots in the City of Harrodsburg and effecting a sale of the property pursuant to an option agreement. The principal question on appeal is whether an executory devise under the will of Isaac Pearson, as construed by a judgment of the Mercer Circuit Court entered in 1936, requires the application of KRS 389.030 with respect to one of the three lots. The chancellor held that it does.

Isaac Pearson died in 1905. The testamentary language directly concerned is as follows:

"I will that our four children, John M. Pearson, Amelia D. Pearson, Charles T. Pearson, and Clarence A. Pearson shall have equal shares of my said estate. * * * Should any of our said children die without lawful children then their portion is to go to those who may survive them or to their children should the parents be dead."

One of the children, Amelia Pearson Cooper, was survived by two sons when she died in 1946, so it is not necessary to quote or consider a further provision of the will that would have applied if all four children had died without issue.

The 1936 judgment followed the death of John M. Pearson without issue. It concluded that after John's death Amelia, Charles and Clarence each owned "a defeasible fee in and to an undivided one-third interest in the property owned by Isaac Pearson at the time of his death. * * * Upon the death at any time of any of said children of Isaac Pearson without

issue surviving them their interest shall pass to their surviving brothers or sisters, or if they be dead, *to their children.*" (Emphasis added.)

Charles died in 1939 without issue. When Amelia died in 1946 she was survived by two children, the appellants Basil P. Cooper and Hugh P. Cooper, each of whom has three children.

Clarence is the lone survivor of Isaac Pearson's four children. He is unmarried and has no children. He and his nephews, Basil and Hugh Cooper, contend that together they have the whole title and are able to convey it without approval or restraint of court. Their theory is that Basil and Hugh have an indefeasible estate in fee simple to an undivided one half and that Clarence has fee simple title to the other half interest subject to defeasance if he dies without issue, in which latter event Clarence's half interest shifts to Basil and Hugh (Amelia's children) or, through them, to their heirs or devisees as the case may be.

The critical question is whether the "children" designated in the will and in the 1936 judgment as owners of the executory interest are now fixed and ascertained or can be ascertained only if and when Clarence dies without issue. Did the testator mean the term in a strictly literal sense, or did he mean it in the sense of descendants?

KRS 394.410 provides as follows: "A devise to children embraces grandchildren when there are no children, and no other construction will give effect to the devise."

■ "The rule is well settled that the word 'children' does not include grandchildren unless it plainly appears that such was the meaning from other provisions of the will, or that such a construction must necessarily be given to the deed or will so as to give effect to the grant or devise." Carter v. Carter, 208 Ky. 291, 270 S.W. 760, 761 (1925). To the same effect see

Simes and Smith, The Law of Future Interests, § 723.

■ We do not observe anything in the will, in the 1936 judgment, or in the circumstances of the case that requires the word "children" to be extended beyond its natural import, which is confined to immediate offspring and excludes more remote issue. The children of Amelia P. Cooper are Basil P. Cooper and Hugh P. Cooper, no more and no less. If the will had given Clarence a common law life estate with remainder in fee to Amelia's children, the remainder would be vested. Cf. Brock v. Brock, 168 Ky. 847, 183 S.W. 213, 214 (1916). The law, of course, favors early vesting. Graham v. Jones, Ky., 386 S.W.2d 271, 273 (1965). Technically, no estate can vest in the holder of an executory interest until the happening of the event on which it is conditioned. Simes and Smith, The Law of Future Interests, § 221. The same is true with regard to contingent remainders, yet sometimes it is said that one may have a "vested interest in a contingent remainder." Ibid., § 112. Granted that for the legal purist this expression may seem anomalous, we think it serves a useful purpose by describing the situation in which, no matter how remote or contingent the interest may be, we do know finally and for certain who owns it and, perforce, can transmit it. In the same broad sense Basil and Hugh are the "vested" owners of the executory interest which, upon the event of Clarence's death without surviving issue, will operate to cut off Clarence's fee simple estate and shift it to them.

■ The owner of any interest in real estate not in the adverse possession of another can convey it. KRS 382.010. Basil and Hugh being the fixed and finally ascertained owners of the only interest existing in derogation of Clarence's title, the three of them can convey an indefeasible fee. Cf. Fulton v. Teager, 183 Ky. 381, 209 S.W. 535 (1919). If they so agree, KRS 389.030 has no application.

It follows that the trial court erred in retaining control of any part of the proceeds to be realized from the sale of the Isaac Pearson lot.

The parties are in disagreement with respect to the lot description used in the judgment. As the question did not arise until after the judgment was entered, the trial court has not had the opportunity of passing on it. It may be resolved upon remand of the case.

The cause is reversed with directions that the judgment be amended in conformity with this opinion.

MOREMEN, C. J., and MONTGOMERY, J., not sitting.